ORPHA D. VAN HOUTEN, Appellant, *v.* ISAAC E. PYE, Respondent.

*Statute of Frauds — sales — purchaser in good faith of bill of lading — protection afforded by a bill of lading.*

In an action brought for the conversion of personal property, it appeared that in August the defendant ordered of certain dealers in Ohio a carload of hay of a value greater than fifty dollars, under an agreement that the charges for transportation should be paid by the defendant.

In October the vendors drew on the defendant a draft, with a bill of lading attached, for the price, which the defendant refused to pay, or to accept the hay, upon the ground of delay in its delivery, except at a reduced price, which he offered to pay. To this proposition the defendant received no answer. At this time the hay was in transit and arrived two weeks later, when the defendant was notified by the freight agent at his residence that a carload of hay from the same vendors had been received for him. The defendant, supposing that the vendors had accepted his offer of a reduced price, paid the freight and used the hay. It appeared that when the vendors received the defendant's letter declining to pay the original price, they sold the hay to the plaintiff, drew on her for

part payment, accompanying the draft with the bill of lading, and that the plaintiff had paid the draft.

Upon the trial of the action the complaint was dismissed.

*Held,* that the dismissal of the complaint was erroneous;

That the contract was void under the Statute of Frauds, inasmuch as there was no note or memorandum of the contract, and as none of the goods were received, and no part of the purchase money was paid before the contract was repudiated;

That the plaintiff was a purchaser in good faith and for value;

That the defendant never had title, while the plaintiff, although she never had possession, acquired an absolute title upon paying the draft;

That the defendant gained no rights by paying the freight, as at that time he received no bill of lading, and as he did not and could not then know that the vendors had accepted his offer of a reduced price.

APPEAL by the plaintiff, Orpha D. Van Houten, from a judgment of the County Court of the county of Rockland in favor of the defendant, entered in the office of the clerk of the county of Rockland on the 3d day of July, 1894, upon the verdict of a jury dismissing the complaint, and also from an order made upon the trial of the action for such dismissal, and directing a verdict for the defendant.

*Frank Comesky,* for the appellant.

*Snider & Hopper,* for the respondent.

DYKMAN, J.:

In the month of August, 1893, the defendant purchased a carload of baled hay of Rupright Brothers of Wren in the State of Ohio, at sixteen dollars and fifty cents a ton, to be delivered at Nyack in Rockland county. The freight charges for the transportation of the hay were to be paid by the defendant and credited upon the purchase price.

On or about the 22d day of October, 1893, a bill of lading for the hay, accompanied by a sight draft upon the defendant for the price thereof, was received at the Nyack National Bank.

The defendant refused to honor the draft, and assigned as a reason therefor the long lapse of time since the purchase of the hay.

The draft was returned to the drawers, Rupright Brothers, and the defendant wrote them a letter in which he stated that he would

not accept the hay at that late day at the price he had agreed to pay, but he would pay them fifteen dollars and fifty cents a ton if they would allow it to come in at that price. At that time the car of hay was on its way to Nyack.

The defendant received no answer from Rupright Brothers to his letter to them containing his refusal and proposition.

On the 3d day of November, 1893, the defendant was notified by the freight agent at Nyack that a carload of hay from Rupright Brothers had been received for him.

Acting upon the supposition that the consignors had accepted his last proposition, the defendant paid the freight upon the hay, which was forty-three dollars, and unloaded it and delivered it to his customers.

The suit is brought against the defendant for the wrongful conversion of the hay, and the plaintiff bases her right to the hay upon the following facts :

Upon the receipt of the defendant's letter rejecting the hay, Rupright Brothers sold the same to the plaintiff, who is a dealer in hay and grain at Nyack, and drew a draft on her for eighty dollars in part payment for the hay. That draft, with a bill of lading, was received at the Nyack National Bank on the 8th day of November, 1893, and was paid by the plaintiff on that day.

In the meantime the hay had reached Nyack, as we have seen, and had been received and sold by the defendant.

The cause was tried at a term of the Rockland County Court, and at the close of the plaintiff's case a verdict in favor of defendant was directed by the court.

The plaintiff has appealed to this court from the order dismissing the complaint, and also from the judgment for costs entered upon the verdict.

In the further consideration of the case it may be assumed that the defendant had a right to repudiate his purchase of the hay and be absolved from his contract therefor by reason of the delay in the delivery of the property.

The assumption is justified as against the defendant, because it recognizes the legality of his action, and because his vendors acquiesced in his repudiation, and conceded his right to recede from his contract.

SECOND DEPARTMENT, MAY TERM, 1895. [Vol. 87.

His refusal to accept the draft of his vendors, and his letter to them declining to receive the hay, terminated his right to the property, and he never acquired any right to the same thereafter. He made a proposition for a new purchase of the hay, but it was never accepted.

The defendant received no bill of lading for the hay, and he had no legal right to it when he unloaded it from the car and sold it.

It is true he was misled by the notification of the freight master of the railroad company, but he knew he had no right to receive the hay, or, to make the statement more mild, he did not know he had any such right. He acted upon the supposition that his second offer had been accepted by his vendors, but the assumption was false, and he is himself responsible for all the complications which arose, for they all resulted from his refusal to accept the hay under his first contract.

Moreover, the evidence fails to disclose any agreement by the defendant for the purchase of the hay, although the case has been thus far considered upon the theory that he had such a contract.

He said he ordered the hay, but it does not appear, except by inference, that the order was accepted. There was, therefore, no note or memorandum of the contract in writing, none of the goods were received previous to the repudiation, and no part of the purchase money was paid.

If, therefore, it can be assumed that there was a contract for the purchase of the property, it was void under the Statute of Frauds, and the defendant obtained no property in the hay.

Turning now to the consideration of the rights of the plaintiff, we find them foreshadowed in the foregoing observations. The plaintiff is a purchaser in good faith for value.

She bought the hay and paid for it, and thus obtained the absolute title to it immediately upon her purchase.

Although she never had the possession of the hay, she had the title, and that gave her the legal right to the possession.

The defendant had no right to the property, and his taking of the same was wrongful as against the plaintiff.

The defendant is placed in an unfortunate position without any apparent intention to do wrong. On the contrary, when he discovered that the plaintiff laid claim to the hay, he made a proposi-

tion to adjust the difficulty amicably, and if his efforts at concilia-
tion had been met by the plaintiff in the same spirit in which they
were made, she would have sustained no loss, and the necessity for
a lawsuit would have been saved.

Even in this view, however, we cannot disregard the rules of law
to meet a hard case.

We, therefore, reach the conclusion that the dismissal of the com-
plaint was erroneous, and the judgment must be reversed and a new
trial granted in the County Court, with costs to abide the event.

BROWN, P. J., and CULLEN, J., concurred..

Judgment reversed and new trial granted, costs to abide the event.