pany, Appellant.—Judgment and order affirmed, with costs.—

Orpha D. Van Houten, Respondent, v. Isaac E. Pye, Appellant.—Judgment and order affirmed, with costs.—

DYKMAN, J.: This case was before us at a prior term of this court upon an appeal by the plaintiff from a judgment in favor of the defendant. We reversed that judgment and laid down the law which was to control the case so far as this court is concerned. As we adhere to the opinion delivered at that time, it is unnecessary to re-examine the case now. The trial court followed our decision, and the judgment and order denying the motion for a new trial on the minutes of the court should be affirmed with costs. Brown, P. J., and Pratt, J., concurred.

S. Fleet Spier, Appellant, v. Frank Little, Respondent.—Judgment affirmed, with costs.—

DYKMAN, J.: This is an appeal from a judgment entered upon the report of a referee. The action is for an accounting. Both parties to the suit are physicians, and the defendant went into the service of the plaintiff in May, 1883, under an agreement to aid the plaintiff in his practice. The first agreement was in writing, and prescribed the salary of the defendant, and provided for his disbursements, but that agreement was modified at different times. The complaint charged the defendant with attending to patients outside of his practice and retaining the money received therefor in violation of his agreement. The answer of the defendant to that charge was, that such practice and the retention of the money received therefor was in pursuance of an agreement with the plaintiff. Upon that issue the parties went to trial, and the questions decided against the plaintiff. The defendant supported his position by his own testimony, and by evidence of other witnesses, and by many corroborative circumstances. The plaintiff, in his testimony, confirms much of the defendant's evidence, and the statements rendered by the latter to the firm and his acquiescence in them is quite corroborative of the theory of the defendant. In

a case like this, involving questions of fact only, where the testimony is plain, it is seldom necessary to recapitulate or analyze the evidence. The referee has made full findings, and we find upon a careful examination of the case that they are well sustained by the proof. Judgment should be affirmed, with costs. Brown, P. J., concurred; Pratt, J., not voting.

Patrick Diamond, Respondent, v. The City of Brooklyn, Appellant.—Judgment and order affirmed, with costs.—

DYKMAN, J.: This is an appeal from a judgment entered upon the verdict of a jury and from the order denying the defendant's motion for a new trial on the minutes of the court. The action is based upon negligence, and the facts are these : On the 12th day of April, 1893, the plaintiff was riding on a truck along Flatbush avenue in the city of Brooklyn. At the corner of Dean street the driver of the truck slackened its speed to almost a standstill to allow the plaintiff to alight. The plaintiff stepped down upon the ground on his right foot, at the same time holding on to the rung of the truck with his right hand. He had reached the ground and turning around he stepped into a hole in the crosswalk with his left foot, causing him to fall down and break his leg. The hole was about two feet long, nine inches wide and eight or nine inches deep, and had been there for a year or more. As a result of these injuries the plaintiff was confined to the hospital and to his house, and was unable to engage in his work for a period of about four months. The injury to his leg had the effect to shorten it an inch or more, making it weak, and rendering him unable to earn the same wages that he did before he received the injury. In this class of cases the plaintiff is bound to show by a preponderance of evidence the negligence of the defendant and his own freedom therefrom as a contribution to the result. The plaintiff in this case, sustained the burden which the law cast upon him and the charge of the trial judge submitted the question involved to the jury. The verdict in favor of the plaintiff under the charge establishes the facts in favor of the plaintiff, and the record presents no errors of law. The judgment and order denying the motion for a new trial should be affirmed, with costs. Brown, P. J., and Pratt, J., concurred.

Gustav Heinz, as Administrator, etc., Respondent, v. The Brooklyn Heights Railroad Company, Appellant.—Judgment affirmed, with costs.—

PRATT, J.: Several witnesses testified that the car was going fourteen or fifteen miles an hour. There were also two persons besides the motorman standing upon the front platform. There was enough evidence to go to the jury upon the question of defendant's negligence. The deceased boy was seven years of age, and the question whether he exercised such care as can be reasonably required from a lad of that age was peculiarly a question for the jury. The motion for nonsuit was properly denied. The charge of the court could not be objected to by defendants. The only question that remains is whether a verdict of $3,500 for the life of a bright and healthy boy is excessive. That is peculiarly a question for the jury. We cannot say the verdict shows passion or prejudice. Judgment affirmed, with costs. Brown, P. J., and Dykman, J., concurred.