out of the usual course, the jury, nevertheless, had the right to believe the de fendant and her witnesses."

Parties have the right to enter into any legal contract they choose and if founded on a good consideration, such as the one in question, it must be respected, notwithstanding its apparent oddity. Agreements seemingly more strange have been enforced. Hamer v. Sidway, 124 N. Y. 538, 27 N. E. 256. Indeed, contracts, however peculiar in character, may create legal rights, and give rise to equities which would not exist without them. If the defendant's contention be true, justice and equity demand that the debts be set off against each other, rather than that the defendant be obliged to pay twice, and left to rely upon the estate of insolvent debtors for repayment (Smith v. Felton, supra); for there is a natural equity that cross-demands should be offset, and that the balance only should be recovered (Lindsay v. Jackson, 2 Paige, 581). The plaintiff must go to the jury on the controverted facts, with whatever argument he may advance on the peculiarities of the transaction alleged by the defendant, and its improbabilities. He cannot have the defense brushed aside on mere technicalities, and prevent investigation by the sole arbiters of questions of credibility arising on disputed facts. Bagley v. Rowe, 105 N. Y. 171, 11 N. E. 386. If the case had gone to the jury in respect to notes B, C, D, and E, the plaintiff might have satisfied them that there was no truth in the defense relied upon, or that the proceeds of the discounts were credited in some manner not apparent on a mere inspection of the account, and that the account was, after all, substantially correct. But the case was not allowed to take this course, for, by excluding the four notes mentioned, all evidence concerning them was practically withdrawn from the consideration of the jury, and the main portion of the defense rejected. This was error, for which the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

---

(11 App. Div. 86.)

### WERNER v. BROOKLYN EL. R. CO.

(Supreme Court, Appellate Division, Second Department. December 30, 1896.)

WITNESS—CROSS-EXAMINATION—EXPERT.
   Where an expert witness of defendant elevated railway company testifies as to the proper construction of engines used for elevated railroads, he may, on cross-examination, be asked whether sparks of a certain size could be emitted by a properly constructed and carefully operated engine, to show the mechanical knowledge and confidence of the witness in his opinions.

Appeal from trial term, Kings county.

Action by Andreas Werner, as administrator of Franciska Werner, deceased, against the Brooklyn Elevated Railroad Company. From a judgment for plaintiff, rendered on a verdict, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

R. Percy Chittenden, for appellant.
William J. Carr, for respondent.

WILLARD BARTLETT, J.    This action was brought by the father and administrator of Franciska Werner, deceased, to recover $5,000 damages alleged to have been sustained by him as her only next of kin, by reason of the negligence of the defendant in causing her death on the 10th day of June, 1894.    The complaint alleged, and the evidence amply justified the jury in finding, that while the plaintiff's intestate was lawfully walking on Crescent street, a public highway in the city of Brooklyn, and while passing under the defendant's elevated railway structure, a quantity of live coals dropped therefrom upon the girl's clothing, set fire to the same, and so burned and shocked her that she died on the following day.    It was further alleged that said live coals fell from the locomotive then and there in the use of the defendant, which was defective in appliances to prevent the escape of fire, and was operated carelessly and negligently by the defendant, in such manner as to allow the escape therefrom of burning matter.    This allegation also found abundant support in the proof.    The plaintiff recovered a verdict of $3,750.

Only two points are presented for our consideration by the brief of the learned counsel for the appellant.    George M. Morrison, the engine dispatcher for the Manhattan Elevated Railroad Company in New York City, was called as a witness for the defendant, and upon his cross-examination was asked: "Now, would you say that a locomotive on the elevated railroad structure, properly constructed, kept in good condition, and carefully used, could emit from the smokestack or ashpan ashes or cinders of the size of an inch and a half?"    An objection to this question was overruled, the defendant excepted, and the witness answered: "No; if such piece of fire, coal, ash, or cinder of the size of about one and one-half inches should be emitted, I should say it was carelessness."    In the first point on the appellant's brief, it is argued that the trial court erred in overruling the objection to the question thus put to Mr. Morrison, and reference is made to the much-cited case of Van Wycklen v. City of Brooklyn, 118 N. Y. 424, 24 N. E. 179.    We find nothing in that decision, however, which tends to show that it was error to allow the question now under consideration.    Mr. Morrison had been called by the defendant to testify as an expert to the usual and proper construction of locomotive engines in general use on elevated railroads.    He had described the damper, and had expressed the opinion that it was impossible for it to open, in consequence of vibration, so as to allow any ashes whatever to fall out.    He had also expressed the further opinion that there were no better appliances in general use than those which he had described to the jury.    After this, on cross-examination, it was entirely proper to test the mechanical knowledge of the witness, and the character and confidence of his opinions, by such a question as that which is now criticised in behalf of the appellant.    The answer went further than the inquiry, and the defendant might have been entitled to have all that the witness said in addition to the simple negative stricken out upon motion; but no such application was made to the court.

The second point is that the verdict was excessive. As to this, it is only necessary to say that we do not think it is so large as to justify any interference by this court on that ground.

Judgment and order affirmed, with costs.    All concur.