an ex parte order been first granted, and then a motion made on notice to vacate (Witcher v. Association [Super. N. Y.] 14 N. Y. Supp. 290); but the difference between an order of a judge and an order of the court does not seem to have been considered in that case. That there is such a difference, and that the distinction is radical, has been expressly decided as to an order made under this very section (872) of the Code. In Heishon v. Insurance Co., 77 N. Y. 278, it was held that an order for the examination of a party, made by the court, as distinguished from a judge's order, was made without power.

The order must be reversed, with $10 costs and disbursements. All concur.

(37 App. Div. 547.)

O'BIERNE v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, First Department. February 24, 1899.)

1. RAILROADS—ACCIDENTS AT CROSSING.
  Plaintiff, driving on a street across which defendant had four tracks, before reaching them, looked up and down them, and, not seeing or hearing any car, crossed one or more tracks, and, when 30 feet from another, looked again, and, seeing nothing, kept on. When the horses were on the track he saw a detached car approaching, and, though he attempted to get across, it struck him. There was no brakeman on the car, or flagman at the crossing. *Held* to make a prima facie case of negligence against defendant.

2. SAME—CONTRIBUTORY NEGLIGENCE.
  Whether plaintiff was guilty of contributory negligence was for the jury.

Appeal from trial term, New York county.

Action by James O'Bierne against the New York Central & Hudson River Railroad Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

The plaintiff was injured on April 4, 1894, on Eleventh avenue, in the city of New York. He was driving a wagon, and turned south into Eleventh avenue from Thirty-Third street. Between Thirty-Second and Thirty-Third streets four tracks of the defendant cross Eleventh avenue, running from northwest to southeast. On both sides of the avenue are the defendant's freight yards. The plaintiff looked south, east, and west when he turned into the avenue, and again when but 30 feet distant from the track where the accident occurred; but no moving car was visible. When the horses were upon the track, he heard a crash to the east, and, looking up, saw a single, detached car approaching rapidly, and about 100 feet distant. He shouted to the horses, and attempted to get across, but the car struck the rear wheel of the wagon, and the plaintiff was thrown off and injured. There was no brakeman on the car, or flagman at the crossing.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, and O'BRIEN, JJ.

L. E. Warren, for appellant.

D. W. Tears, for respondent.

BARRETT, J. The plaintiff was nonsuited upon the ground that he should have kept looking to the east and west while passing over the 30 feet upon his side of the track where the accident occurred. No point was made as to the defendant's negligence. A prima facie case

on that head was clearly made out.   Railroad Co. v. Converse, 139 U. S. 469, 11 Sup. Ct. 569.

We think the question of contributory negligence was also for the jury.   It is undoubtedly the duty of one who attempts to cross the track of a railroad at a point where rapidly moving trains are ordinarily to be expected to keep upon the lookout therefor.   There is no absolute rule, however, requiring the traveler to use his eyes in a particular manner at a particular instant of time.   Oldenburg v. Railroad Co., 124 N. Y. 414, 26 N. E. 1021.   The surrounding circumstances are always to be considered upon the question whether proper prudence was observed.   It was said in Palmer v. Railroad Co., 112 N. Y. 234, 19 N. E. 678, that the plaintiff "could not rush heedlessly on to danger, and throw the result upon the defendant, but the degree of care required of a traveler is increased or diminished by the greater or less probability, suggested by the circumstances about him, that without it an injury will happen."   Applying this rule to the case at bar, we think it was for the jury to say whether the plaintiff was negligent.   The locality was a public highway, which the defendant was using for purposes other than ordinary traffic.   The plaintiff could have had no reason to anticipate the sudden appearance of a rapidly moving train or car.   He testified that as he approached the tracks he looked "up and down and over" them.   No engine or car then appeared to be anywhere in motion.   In fact, all was silent in the neighborhood.   It was quite early in the morning.   There was no signal or flagman.   The plaintiff passed over one or more of the tracks in safety, and without incident of any kind.   He then found himself within but 30 feet of the remaining track.   Here again he looked to the east and west, and discovered no element of danger. Apparently there was none.   It was while he was passing over this remaining 30 feet that the defendant executed the maneuver whereby a single car was put suddenly into rapid motion without a brakeman to control it, or warning to passengers upon the thoroughfare.   The jury might properly have found that the plaintiff could not have anticipated this sudden danger, and that he was justified, under the conditions which preceded it, in supposing that he could, in a few seconds, pass over the remaining track quite as safely as he had passed over the others.

The nonsuit was erroneous, and the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.