a long account on either side, and will not require the decision of difficult questions of law," such a reference may be directed. Code Civ. Proc. § 1013. But in equitable actions the power of the court is limited by the condition "where the trial will require the examination of a long account," as it is in actions at law. Thayer v. McNaughton, 117 N. Y. 111, 22 N. E. 562. The account must be the immediate object of the action or ground of the defense, and directly, and not collaterally, involved. Camp v. Ingersoll, 86 N. Y. 433; Bank v. Werner, 54 App. Div. 435, 66 N. Y. Supp. 996. This suit is not brought on any account between the plaintiff and the defendants. The pleadings and affidavits show clearly that the only accounts that may be involved are accounts between the defendants and Louis F. Fromer, who is not a party to the suit. The defendants take issue with the plaintiff on her performance of the agreement and the time of the expiration of the license, and plead by way of avoidance, claiming that the terms of their agreement with said Fromer authorize the continued use of the trade-marks until all sums due by said Fromer to defendants have been paid, and further claim that there is a considerable balance due defendants. The proof of this balance will involve a long account, but it is collateral to the issues raised, and may never have to be determined. Should it become material, the trial court may direct a reference to determine the condition of the account.

Motion denied. Ten dollars costs.

---

(36 Misc. Rep. 703.).

## McDONALD v. METROPOLITAN ST. R. CO.

(Supreme Court, Trial Term, New York County. January, 1902.)

**WRONGFUL DEATH—EXCESSIVE DAMAGES.**
> In an action for damages for the death of a boy 12 years old, who earned $3 a week, which he turned over to his mother, a verdict for $12,000 in favor of the plaintiff is excessive, and should be reduced to $7,500.

Action by Grace McDonald against the Metropolitan Street Railroad Company. Judgment and verdict for plaintiff. Motion for new trial on the ground of excessive damages. New trial granted on conditions.

Henry L. Scheuerman, for the motion.
M. P. O'Connor, opposed.

GILDERSLEEVE, J. The action was for damages caused by the death of John McDonald through the negligence of the defendant corporation's agents and employés. The jury gave a verdict for $12,000 in favor of the plaintiff. The defendant makes a motion for a new trial on the ground of excessive damages. The deceased was a boy of 12 or 13 years, in perfect health, of an ordinarily bright mind and fairly active, industrious disposition. At the time of his death he was earning about $3 a week, which he turned over to his mother, the plaintiff herein. The jury, after hearing all the

evidence, decided that the pecuniary injury to the next of kin, both present and prospective, caused by the death of this child, was $12,000. The defendant urges that this amount, with interest from the death of the child, allowed by section 1904 of the Code, and with the cost and extra allowance, will bring the judgment up to about $17,000. Plaintiff urges, however, that these extra sums should not be taken into consideration here, for the value of the life of the child, as found by the jury, was $12,000, and not $17,000, and that it is the first amount only that we have now to consider. As pointed out by the plaintiff's counsel, there is no fixed rule to determine what amount of damages should be allowed in actions of this character. Each particular case must be determined from its own facts, and the amount to be awarded is peculiarly one for the jury. Birkett v. Ice Co., 110 N. Y. 504, 508, 18 N. E. 108. The pecuniary damages to the next of kin are necessarily indefinite, prospective, and contingent, and cannot be proved with even an approach to absolute accuracy. When the court is called upon to review the amount of the damages awarded by the jury, the difficulty is to find a test by which to do so. The defendant's counsel refers to a number of cases in which the general term and appellate division have reduced the awards allowed by juries in actions of this character, and he urges that it is the duty of the trial court upon this motion to consider fully and carefully the question of excessiveness, and, if it appears that the verdict is excessive, to reduce the amount thereof, or to grant a new trial. It is unquestionably true that the judgment of the jury as to the amount of damages is not an uncontrollable one, but is subject, if abused or not properly exercised, to be reviewed and modified in the court of original jurisdiction. Birkett v. Ice Co., 110 N. Y. 504, 18 N. E. 108. If the jury did not merely consider the pecuniary injury sustained by the next of kin, but went further, and through passion, sympathy, partiality, or prejudice considered other elements which should not have affected their verdict, the trial court will be fully warranted in granting this application of the defendant herein. Upon all the testimony in the case at bar I am inclined to find that the verdict indicates such evidence of passion, partiality, prejudice, or sympathy on the part of the jury as calls upon the trial court to reduce the amount of the verdict or grant a new trial. To my mind, the verdict seems excessive. The case of Morris v. Railroad Co., 63 App. Div. 78, 71 N. Y. Supp. 321, presents a somewhat similar state of facts, and is a precedent which may well serve as a guide in fixing the amount of the damages in the case at bar. There the appellate division approved the award of $7,500. An order may be entered granting a new trial unless plaintiff stipulates to reduce the verdict to $7,500.

Ordered accordingly.