DETERMINED IN THE

# FOURTH DEPARTMENT

IN THE

## APPELLATE DIVISION,

### December, 1902.*

FREDERICK WELLS and JULIA WELLS, as Administrators, etc., of GRACE CATHERINE WELLS, Deceased, Respondents, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

*Negligence — degree of care required of a child — when the question as to the negligence of a railroad company and the contributory negligence of a child killed at a railroad crossing by cars kicked across it is one of fact — verdict of $3,500 reduced to $2,500.*

While a person of tender years and immature judgment is not required to exercise the same degree of care and judgment for his own safety in the face of impending danger as an older one, he is, nevertheless, bound to make some use of his faculties, and the rule generally applied to these cases is that the degree of care required of an infant is such as might be reasonably expected of a person of its age under all the circumstances of the given case.

In an action brought to recover damages resulting from the death of the plaintiff's intestate, a child eight and a half years of age, who, while crossing a public street in the city of Syracuse at eleven o'clock on a November morning, was run down and killed by two cars which had been "kicked" across the highway by a locomotive, it appeared that the cars, which were heavily laden and were traveling at a high rate of speed, had no one upon them to control their movements.

The defendant's negligence was not seriously questioned, but it was contended that the intestate was guilty of contributory negligence. Upon this point it appeared that the intestate was familiar with her surroundings and was *sui juris;* that when at a point ten or fifteen feet from the defendant's tracks she

---

* The other cases of this term will be found in volume 77 App. Div.—[REP.

APP. DIV.— VOL. LXXVIII. 1

looked both ways, and that she was struck as she placed one foot upon the second rail; that the track was in plain sight for a distance of at least 576 feet from any point within 30 feet of the crossing.

It further appeared, however, that there were piles of railroad ties at intervals along the side of the defendant's tracks, which to some extent obstructed the view of the approaching cars; that such cars were moving quietly, and that the locomotive which had shoved the cars toward the crossing was emitting more or less smoke.

*Held,* that the question of the defendant's negligence and the intestate's contributory negligence was one of fact for the jury;

That a verdict for $3,500 was excessive, however, and should be reduced to $2,500.

ADAMS, P. J., and McLENNAN, J., opposed the reduction of the verdict.

APPEAL by the defendant, The New York Central and Hudson River Railroad Company, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Onondaga on the 14th day of April, 1902, upon the verdict of a jury for $3,500, and also from an order entered in said clerk's office on the 15th day of April, 1902, denying the defendant's motion for a new trial made upon the minutes.

This action was commenced on the 23d day of November, 1901, by the plaintiffs, as administrators, to recover damages for the alleged negligent killing of their daughter, Catherine Wells, an infant eight and one-half years of age, on the sixteenth day of the same month.

The accident which resulted in the death of the child occurred at a point on Harbor street in the city of Syracuse where the highway is crossed by a branch track of the defendant's railroad.

At about eleven o'clock on the morning in question the deceased was walking in a southerly direction upon the sidewalk of Emerson street; when she reached a point where that street intersects Harbor street she stopped a moment and proceeded on her way towards her home, which it seems was in that vicinity. Reaching a point about ten or fifteen feet from the defendant's track she was seen to look both ways and then she stepped upon the tracks, and as she put one foot upon the second rail she was struck by one of two cars which had been "kicked" down the branch track by a locomotive, and thrown under its wheels. In this situation she was dragged for some distance and almost instantly killed.

Upon the trial the jury rendered a verdict in favor of the plain-

tiffs for $3,500, and from the judgment entered thereon, and also from an order denying the defendant's motion for a new trial, this appeal is brought.

*Frank Hiscock*, for the appellant.

*Theodore Hancock* and *John N. Mosher*, for the respondents.

ADAMS, P. J.:

From the foregoing brief recital of the main facts of this case it will be seen that the defendant, at the time of the accident, was engaged in making what is called a "flying switch" over a highway in a large and populous city, and the uncontradicted evidence tends to prove that this was being done under circumstances which were peculiarly flagrant, for these two cars were heavily laden with steel rails, and were sent over the highway crossing at a high rate of speed, with no one upon either of them to control their movement. In these circumstances, it is hardly necessary to cite any authorities to establish the defendant's negligence, and, indeed, that fact was not controverted upon the trial, but, upon the contrary, was then, as it is now, expressly admitted.

It is claimed, however, and these are the only questions raised upon this appeal, that the deceased was guilty of contributory negligence, and that the damages awarded by the jury were excessive.

The undisputed evidence tends to show that under ordinary circumstances these cars might have been seen as they approached the crossing in question, and that the track itself was in plain sight for a distance of at least 576 feet from any point 30 feet north thereof. It also appears that the deceased was familiar with her surroundings; that she had frequently crossed the defendant's track at this point, and that she was so bright and intelligent as to elicit from the trial court the direction that notwithstanding her youth she was *sui juris*.

With these facts fully established it is now insisted by the learned counsel for the defendant that the contributory negligence of the deceased was so clearly established as to require the court to dispose of that question as one of law.

The degree of care required by infants who are declared to be *sui juris* is something which cannot be determined by any rule

which is applicable to all cases; but it is generally dependent upon the circumstances of each particular case. It may be assumed, however, that while a person of tender years and immature judgment is not required to exercise the same degree of care and judgment for his own preservation in the face of impending danger as an older one, he is, nevertheless, bound to make some use of his faculties; and the rule which is generally applied to these cases is that the degree of care required of an infant shall be such as might be reasonably expected of a person of its age under all the circumstances of a given case, which almost of necessity makes this question one of fact.

It was thus treated in the present case by the learned justice who presided at the trial and we think properly so, for it is not to be denied that the conditions by which the plaintiff's daughter was surrounded at the time of the accident were quite unusual in their nature and such as might well have produced confusion in the mind of a person of even more mature judgment. In the first place, there is evidence in the case tending to prove that there were piles of railroad ties at intervals by the side of the defendant's track, which to some extent at least obstructed the view of the approaching cars; but assuming that there was no such obstruction, or that it did not materially interrupt the line of vision, and that the defendant's track was in plain sight for a distance of 500 or 600 feet from the crossing, it appears that these two cars were approaching the crossing quietly with no person upon them; that the locomotive which had shoved them upon the branch was on the main track moving in an opposite direction and emitting more or less smoke, which, as the witnesses say, was " up in the air * * * right between the engine and Harbor street."

In these circumstances it is not strange that the child did not perceive the moving cars or appreciate the danger confronting her when she stepped upon the track. Indeed, the witness Howard Davis, who was just behind her and only about ten feet from the track, testified that when he first saw these cars "they were almost on top of her."

There are numerous cases in the reports of this State wherein it has been held that circumstances of much less weight than those to which we have called attention presented a question of fact for the

jury, of which it is necessary to cite only two or three of the more prominent ones. (*Zwack* v. *N. Y., L. E. & W. R. R. Co.,* 160 N. Y. 362; *Barry* v. *N. Y. C. & H. R. R. R. Co.,* 92 id. 289; *Byrne* v. *N. Y. C. & H. R. R. R. Co.,* 83 id. 620.)

As has been said, the learned trial justice followed the doctrine of these cases in his instructions to the jury, and we do not see how he could have done otherwise without violating a pretty well-settled rule of law.

The question of damages was likewise one with which the jury were especially qualified to deal, and their conclusion, unless clearly the result of prejudice, passion or partiality, ought not to be interfered with. Like the degree of care required of an infant, the pecuniary value of its life is a matter not easily determined and must depend upon circumstances. In one case it was held that a verdict of $7,500 for the negligent killing of a boy sixteen years of age was not excessive (*Morris* v. *Met. Street Ry. Co.,* 63 App. Div. 78); and the same amount was deemed proper in the case of a boy twelve years of age. (*McDonald* v. *Met. Street Ry. Co.,* 36 Misc. Rep. 703.)

In *Heinz* v. *Brooklyn H. R. R. Co.* (91 Hun, 640) the court refused to set aside, as excessive, a verdict of $3,500 which was recovered for the death of a boy seven years of age; and in *Werner* v. *Brooklyn Elevated R. R. Co.* (11 App. Div. 86), where a father recovered a verdict of $3,750 for the death of a daughter fourteen years old, it was said that it was not so large as to justify any interference by the court upon the ground of its being excessive.

Many more cases to the same effect might be cited, while still others which tend to support the defendant's contention are not wanting; and this apparent contrariety of opinion simply proves that each case is, within the general rule heretofore adverted to, dependent upon its own circumstances.

In the case under review it seems that the marital relations existing between the plaintiffs were somewhat strained, and that by reason thereof the husband did not live with his family at all times; and it is intimated that his conduct towards his wife was not such as to commend itself to our approval; but it also appears that he was especially fond of his little daughter and she of him; that he provided for her, and that even when living apart from his family

she frequently visited him and carried his dinner to him; that she was an unusually bright, healthy, honest and intelligent child, and gave much promise of future usefulness. In these circumstances, I do not feel that we ought to interfere with the verdict, even if we regard it as somewhat larger in amount than we would have rendered under the same circumstances; but, inasmuch as a majority of my associates are of a different opinion and think the verdict excessive, it must be reduced.

McLENNAN, J., concurred; SPRING, WILLIAMS and HISCOCK, JJ., concurred, but voted for a reduction of the verdict to the sum of $2,500.

Judgment and order reversed and new trial ordered, with costs to the appellant to abide event, unless the plaintiffs elect within twenty days to reduce the recovery herein to the sum of $2,500, as of the date of the rendition of the verdict, in which event the judgment and order as thus modified are affirmed, without costs of this appeal to either party.