(97 App. Div. 21.)

CORBALLY v. ERIE R. CO.

(Supreme Court, Appellate Division, Second Department. July 28, 1904.)

1. RAILROADS—CROSSING INJURIES—NEGLIGENCE—EVIDENCE—SUFFICIENCY.
     In an action against a railroad for injuries sustained while crossing a public street intersected by defendant's tracks, evidence *held* sufficient to justify the conclusion that defendant was negligent in the operation of its road, and to throw upon it the burden of explaining the apparent want of care.

Appeal from Trial Term, Kings County.

Action by James W. Corbally against the Erie Railroad Company. From a judgment dismissing the complaint, and from an order denying a new trial, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

John C. Robinson, for appellant.
Charles MacVeagh, for respondent.

HIRSCHBERG, P. J. The cause of action is for personal injuries sustained by the plaintiff. He was run over by a train, or a portion of a train, while crossing Twelfth street—one of the public streets in Jersey City intersected by the defendant's tracks. The learned trial justice granted the defendant's motion to dismiss the complaint at the close of the plaintiff's case, saying:

"If there was a scintilla of evidence here of negligence on the part of the defendant, I should be disposed to send it to the jury, but I do not see that there is. So I think I must grant the motion."

It may be assumed that the question of the plaintiff's contributory negligence could not have been disposed of as a matter of law—an assumption which the record fully justifies; and the only point to deter-

mine, therefore, is the correctness of the ruling that no facts were disclosed tending to establish negligence on the part of the defendant.

It is alleged in the complaint and admitted by the answer that at the time of the occurrence the defendant was "a common carrier, maintaining and operating a steam railroad in Jersey City, county of Hudson and state of New Jersey, along and across certain public streets, thoroughfares, and highways of said city, including Twelfth street therein, together with the cars running over the same, and the tracks and other appurtenances connected therewith." The plaintiff was in the act of crossing Twelfth street in the morning of June 11, 1899, when the accident occurred. There were three tracks to cross. On the second track a number of box cars were standing at the plaintiff's right hand, and on that side there was a curve, which, together with the stationary cars, obstructed the view to the right, except for a distance of about 125 feet. When the plaintiff reached the third track, a freight train came along from the right; and, after it had passed, he endeavored to cross that track, when four cars, joined together, but without a locomotive, and wholly unattended, came along rapidly, and struck him down, occasioning the injuries of which he complains. There was no gate, flagman, bell, or other safeguard or warning to admonish a pedestrian of danger, or ward him from contact or collision with the cars which were thus run upon the defendant's tracks without engineer, conductor, or brakeman.

I cannot see why the circumstances were not sufficient to justify, and, unexplained and uncontradicted, to compel, the conclusion that the defendant was negligent in the operation of its road. None of the cases cited by the learned counsel for the respondent holds that it is not sufficient evidence of negligence to establish that cars have been propelled across a city street with no one upon or in control of them. It may possibly be, of course, that the operation of the cars in the manner stated was due to causes beyond the defendant's control, and for which it was not legally responsible, but the inference to be deduced from the unexplained fact is otherwise. It was early held by the Court of Appeals in Holbrook v. The Utica & Schenectady Railroad Co., 12 N. Y. 236, 64 Am. Dec. 502, that the presumption of a want of proper care on the part of a railroad company may arise from the circumstances attending the accident, and that in such cases the onus is upon the company to show that the injury is not attributable to any fault on its part. The general principle was reiterated in Breen v. N. Y. C. & H. R. R. R. Co., 109 N. Y. 297, 16 N. E. 60, 4 Am. St. Rep. 450; the court saying (page 300, 109 N. Y., page 61, 16 N. E., 4 Am. St. Rep. 450):

"There must be reasonable evidence of negligence, but when the thing causing the injury is shown to be under the control of a defendant, and the accident is such as, in the ordinary course of business, does not happen if reasonable care is used, it does, in the absence of explanation by the defendant, afford sufficient evidence that the accident arose from want of care on its part."

To the like effect is the recent case of Griffen v. Manice, 166 N. Y. 188, 59 N. E. 925, 52 L. R. A. 922, 32 Am. St. Rep. 630, in which the principles underlying the doctrine of res ipsa loquitur were carefully considered and determined. It is unnecessary to invoke that doctrine, however, in this case, as the proof of the occurrence, unexplained and

uncontradicted, clearly and affirmatively establishes the defendant's negligence.

The case of O'Bierne v. N. Y. C. & H. R. R. R. Co., 37 App. Div. 547, 56 N. Y. Supp. 959, seems quite in point. There a person driving upon a city street was injured by collision with a single, detached car. There was no brakeman on the car, or flagman at the crossing. The court held that a prima facie case of negligence on the defendant's part was clearly made out, and the decision was affirmed by the Court of Appeals. 167 N. Y. 568, 60 N. E. 1117. See, also, Brown v. N. Y. C. R. R., 32 N. Y. 597, 88 Am. Dec. 353; Bowen v. N. Y. Central & H. R. R. R. Co., 89 Hun, 594; 35 N. Y. Supp. 540; and Delaware, etc., Railroad v. Converse, 139 U. S. 469, 11 Sup. Ct. 569, 35 L. Ed. 213. The judgment and order should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.