CORA S. EGELSTON, as Administratrix of the Estate of RALPH C. EGELSTON, Deceased, Respondent, v. THE NEW YORK, CHICAGO AND ST. LOUIS RAILROAD COMPANY, Appellant.

*Egelston* v. *N. Y., Chicago & St. L. R. R. Co.*, 143 App. Div. 918, reversed.
(Argued March 29, 1912; decided May 7, 1912.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered February 6, 1911, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendant, his employer.

*Thomas D. Powell* for appellant.

*Charles F. Tabor* for respondent.

Judgment reversed, new trial granted, costs to abide event, on the ground that, while the custom of other companies was not controlling it was competent evidence to be considered by the jury in determining as to the

necessity or propriety of a rule regulating the movement of cars, and that the exclusion of proof of the custom was too serious an error to be disregarded. No opinion.

CULLEN, Ch. J., GRAY, WERNER, HISCOCK and COLLIN, JJ., concur.

HAIGHT, J. (dissenting). This action was brought to recover damages for injuries sustained by the plaintiff's intestate, which resulted in his death through the alleged negligence of the defendant.

The decedent, in his lifetime, was in the employ of the defendant as a foreman in charge of a gang of men engaged in the business of repairing and erecting fences along the defendant's right of way and for that purpose was furnished with a car in which they kept their tools and in which they lived and slept. During the daytime they were taken out upon the road to the place or places where their work was to be performed and nights they were returned to the defendant's yards at Conneaut, Ohio. On the night of October 17th, 1909, the decedent, with his associates, was sleeping in the car upon one of the tracks of the yard where it had been placed for the night, and some time during the night three of the defendant's cars were shunted or kicked in by an engine upon the track on which the decedent's car stood with such force as to cause them to collide with and wreck it, producing the injuries which resulted in his death. The cars that were so shunted in were unattended by a brakeman, and no rule had been promulgated preventing such shunting.

The contention on the part of the plaintiff is that the defendant was negligent in not having promulgated and enforced a rule forbidding the shunting of cars unattended by a brakeman upon tracks in which employees were at work or sleeping. The contention of the defendant is that the injury was the result of the negligence of a co-employee of the decedent.

Upon the trial the defendant attempted to show that the Erie, the Northern Pacific and the Oregon Short Line

roads had no such rule or regulation, with reference to
bunk cars, as indicated, in force upon their roads, and
then offered to show by the witness whether the rules
generally, so far as he had observed on other railroads,
are other or different from the regulations and rules pro-
vided by this defendant for the taking care of bunk cars
or cabooses.   This evidence was under the objection of
the plaintiff excluded and an exception was taken by the
defendant.   We think this evidence was competent and
should have been admitted.   (*Devoe* v. *N. Y. C. & H.
R. R. R. Co.*, 174 N. Y. 1, 5; *Shannahan* v. *Empire
Engineering Corporation*, 204 id. 543; Wigmore on Evi-
dence, vol. 1, p. 567, § 461.)   This evidence has a bear-
ing upon the question as to whether rules of this charac-
ter have been brought to the attention and adopted by
other roads, and as to whether they are feasible and can
be enforced.   (*Abel* v. *Prest., etc., of D. & H. C. Co.*,
128 N. Y. 662.)

    This case is distinguishable from that of *Wright* v.
*Boller* (42 Hun, 77) in which the plaintiff had been
injured by a board which was blown from the top of the
defendant's pile of lumber standing by the side of the
highway frequented by travelers and on which the plain-
tiff was proceeding.   The binders on the top of the pile
had been removed and some of the boards taken there-
from, leaving the rest loose and unbound.   In that case
it was held that the custom of other lumber dealers,
whose piles were remote from the highway, where no
danger to others could result, was not competent and that
determination was sustained in this court.   (123 N. Y.
630.)

    The question, therefore, arises as to whether the exclu-
sion of the evidence alluded to was so prejudicial to the
defendant as to require a new trial.   The kicking or
shunting of cars, resulting in injuries to others, has been
the subject of frequent consideration in this court, and
it has been held that the making of rules pertaining to
such shunting and kicking was feasible and if enforced
would have saved many persons from injuries.   The cus-

tom, therefore, prevailing upon roads operated without rules upon this subject become of slight importance. If the defendant had made a rule and enforced it, prohibiting the shunting of cars unattended by a brakeman upon tracks occupied by bunk cars, it is probable that no injury would have resulted to the decedent. The defendant had had notice that cars were being roughly handled in the night time and had posted a notice that the workmen should be more careful, but this was not sufficient. It did not specify that they should refrain from shunting cars unattended by a brakeman upon tracks occupied by other cars in which employees were sleeping.

In *Doing* v. *N. Y., O. & W. Ry. Co.* (151 N. Y. 579) O'BRIEN, J., in speaking for this court, says: "The defendant had the power to control and regulate its business. The law imposed upon it the duty of making and enforcing such reasonable rules and regulations for the government of the men in its service, as to prevent or guard against injury by one servant to another in so far as that was reasonable and practicable. It could certainly put an end to the practice of propelling cars upon these tracks by a force that could not be controlled, and it could provide for moving them in some other and safer way. In other words, it could change this method of doing the work by making proper rules and regulations to that end. The jury could have found from the evidence that the practice of kicking or shunting cars upon these tracks in the direction of the doors of the repair shop was known to the defendant. The danger to be apprehended from such a practice was so obvious that the defendant, in the proper discharge of the duties which it owed to its employees, was bound to guard against it by proper rules and regulations, so far as that was reasonable and practicable." (p. 583.)

In *Morgan* v. *Hudson River Ore & Iron Co.* (133 N. Y. 666, 670) it was held that "if a master is engaged in a complex business, that requires definite regulations for the safety and protection of his employees, a failure to adopt proper rules as well as laxity in their enforcement,

is negligence *per se.*" (*Abel* v. *Prest., etc., D. & H. C. Co.,* 103 N. Y. 581; *S. C.,* 128 id. 662; *O'Beirne* v. *N. Y. C. & H. R. R. R. Co.,* 37 App. Div. 547; affd., 167 N. Y. 568; *Wells* v. *N. Y. C. & H. R. R. R. Co.,* 78 App. Div. 1.) I am, therefore, of the opinion that under the undisputed facts in this case the evidence excluded was not of sufficient importance to justify a different verdict or require a new trial.

The judgment should be affirmed, with costs.

VANN, J., concurs.