### KORNGOLD v. LENOX BATHS.

(Supreme Court, Appellate Term, First Department. October 25, 1915.)

NEGLIGENCE ☞124—ACTIONS—EVIDENCE.

In an action for personal injuries sustained by slipping upon a wooden bench in the steam room of defendant's baths, testimony by one who had for many years been employed in such baths of the practice to cover benches with matting is admissible.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 235–238; Dec. Dig. ☞124.]

Appeal from City Court of New York, Trial Term.

Action by Aaron Korngold against the Lenox Baths. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

Walter G. Evans, of New York City (O. M. Quackenbush, of New York City, of counsel), for appellant.

Goodman & Pike, of New York City (N. M. Goodman, of New York City, of counsel), for respondent.

BIJUR, J. Plaintiff sued to recover damages for personal injuries sustained by slipping upon a certain wooden bench in the steam room of defendant's baths.

The defendant properly offered to prove by a man who had been employed for many years in a number of baths the custom (or more correctly speaking, the practice) in respect of using matting to cover such or similar benches. The objection to this testimony on the ground that it was "incompetent, irrelevant and immaterial" was sustained. No specific objection was taken with respect of the competency of the witness to prove the general practice. The testimony should have been admitted. Shannahan v. Empire Engineering Cor-

poration, 204 N. Y. 543, 550, 98 N. E. 9, 44 L. R. A. (N. S.) 1185; Weller v. Consolidated Gas Co., 198 N. Y. 98, 101, 91 N. E. 286, 139 Am. St. Rep. 798; Loftus v. Union Ferry Co., 84 N. Y. 455, 460, 461, 38 Am. Rep. 533.

The respondent cites as against these cases, Wright v. Boller, 42 Hun, 77, affirmed without opinion 123 N. Y. 630, 25 N. E. 952. While in that case it is true the evidence of the particular custom or practice concerning which testimony was admitted was held to be incompetent, the same considerations would not apply to the evidence offered in the case at bar. Moreover, in the Wright Case the court also pointed out the insufficiency of the evidence as well as its inadmissibility, saying, among other things:

"The circumstances under which their custom has been established may be quite different from those surrounding the defendant."

Respondent's counsel says in his brief that Wright v. Boller was "followed" in Egelston v. N. Y., etc., R. Co., 205 N. Y. 579, 98 N. E. 748; but, far from being followed, an examination of the latter case would indicate that the Wright Case was, if anything, therein disapproved.

Respondent also urges that the testimony referred to was not excluded, inasmuch as the witness answered the question. The record, however, discloses that an immediate objection was taken and the answer stricken out. It is difficult to excuse so palpable a misconstruction of the record.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.