Hart, J.,
concurring. I desire to state the basis of my concurrence. It is my view that, although actual custom or usage of others under similar circumstances is not controlling on the question of the exercise of due care of parties litigant, nevertheless evidence of such custom or usage is competent to be considered by a jury in determining the propriety of a specific type of conduct. 38 American Jurisprudence, 1015, 1016, Sections 317, 319.
In my view, the evidence, under such circumstances, must be confined to the actual custom or usage of others rather than to rules purporting to govern conduct under consideration. Eules and actual practice may differ widely. It is the latter and not the former which must be the test in dealing with standards of conduct.
In the leading case of Langner v. Caviness, 238 Iowa, 774, 778, 28 N. W. (2d), 421, 172 A. L. R., 1135, in which was involved the consideration of an alleged custom whereby under certain circumstances a loaded truck had the right of way over an unloaded truck, the court in the course of its opinion said:
“It is well settled, subject to certain qualifications, that upon the issues of negligence and contributory negligence evidence of custom in the performance of similar acts, while not a conclusive test, is generally admissible. * * * Webber v. Larimer Hdwe. Co., 234 Iowa, 1381, 1386, 15 N. W. (2d), 286, 289, and authorities cited; Wood v. Tri-States Theater Corp., 237 Iowa, 799, 807, 23 N. W. (2d), 843, 847. Conformity with custom is some proof of due care and nonconformity some proof of negligence. Hubb Diggs Co. v. Bell, Tex. Com. App., 1 S. W. (2d), 575, 576. See, also, LaSell v. Tri-States Theatre Corp., 233 Iowa, 929, 943, 11 N. W. (2d), 36, 44.”
See, also, O’Day v. Shouvlin, 104 Ohio St., 519, 521, *30 522, 136 N. E., 289, 25 A. L. R., 980; Ault v. Hall, 119 Ohio St., 422, paragraphs two and three of the syllabus, 164 N. E., 518, 60 A. L. R., 128.
I am firmly of the opinion that ordinarily usage and custom may be shown for comparison with conduct under consideration but not the naked rules adopted by another for comparison with conduct under consideration. However, in the instant case, the amended petition charges that the “defendant was * * * negligent * * * in failing to promulgate and enforce a rule * * * specifically providing that no member of the [train] crew should be permitted to board a locomotive or mount its stepboard upon the leading end thereof when said locomotive is in motion.”
Since the issue in the instant case is the feasibility of adopting a certain specific rule for the safety of the employees of the defendant, the fact that other railroads have adopted such a rule becomes a proper subject of inquiry and consideration, not as setting a different standard of conduct, but as bearing on the propriety of the adoption of such a rule by the defendant.
The reverse of a similar situation was presented in the case of Egelston, Admx., v. New York, Chicago & St. Louis Rd. Co., 205 N. Y., 579, 98 N. E., 748, where the plaintiff’s decedent, a gang foreman in the employ of defendant, sleeping at night with other members of his crew in a bunk car placed in the railroad yards, was fatally injured when a cut of cars was shunted upon the track, on which decedent’s car stood, with such force that they collided with such car and wrecked it, thereby producing the injuries which resulted in decedent’s death. The cars so shunted in were unattended by a brakeman, and no rule had been promulgated prohibiting such shunting. The plaintiff’s claim was that the defendant was negligent in not having promulgated and enforced a rule forbidding the *31 shunting of cars unattended by a brakeman upon tracks in which employees were at work or sleeping in cars.
In the trial of that case, the defendant attempted to show that several other railroads in the same general area had no such rule or regulation with reference to bunk cars, and then offered to show by the witness that the rules generally, so far as he had observed them on other railroads, were not different from the rules and regulations provided by the defendant for the care of bunk ears or cabooses. The trial court excluded this proffered evidence. The Court of Appeals held that such evidence was competent and that its exclusion constituted prejudicial error.
So, in the instant case, as I view it, the evidence as to the rules of other railroads was admissible under the limited issue made by the pleadings. 'For these reasons I concur in the instant case.