■ DEREK M. MILLER et al., Appellants, v LONG ISLAND RAIL ROAD, Defendant and Third-Party Plaintiff-Respondent, et al., Defendant. GARY NOBILE et al., Third-Party Defendants-Respondents. [622 NYS2d 305] —In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) a judgment of the Supreme Court, Suffolk County (Gerard, J.), entered November 14, 1991, which, upon a jury verdict, is in favor of the defendant Long Island Rail Road and the third-party defendants Joseph Miller and Gary Nobile, and (2) a judgment of the same court, entered January 29, 1992, which, upon a jury verdict, is in favor of the defendant Long Island Rail Road, dismissing the complaint on the merits.

Ordered that the appeal of the plaintiff Mavourneen P. Miller is dismissed as abandoned; and it is further,

Ordered that the appeal from the judgment entered November 14, 1991, is dismissed since that judgment was superseded by the judgment entered January 29, 1992; and it is further,

Ordered that the judgment entered January 29, 1992, is reversed, on the law, the judgment entered November 14, 1991, is vacated, and a new trial is granted, with costs to abide the event.

On May 4, 1981, the plaintiff Derek Marc Miller, who was nine years old at the time, severely injured his right leg when he fell underneath a moving train owned by the defendant Long Island Rail Road (hereinafter the railroad). The evidence adduced at trial establishes that either Derek's father, Joseph Miller, or his cousin, Gary Nobile, both third-party defendants, was attempting to lift Derek onto the moving train as it was departing from the Deer Park station.

Contrary to the railroad's contention, customary safety procedures which bear upon the reasonableness of a party's conduct are admissible to prove negligence (see, Trimarco v Klein, 56 NY2d 98, 105-107; see also, Egelston v New York, Chicago & St. Louis R. R. Co., 205 NY 579; Anderson v Muniz, 125 AD2d 281, 283-284). At trial, the railroad's employees testified regarding the purported impracticality of closing the train's doors before leaving the Deer Park station, which would have prevented anyone from attempting to board the moving train. However, when the plaintiffs proffered the testimony of two experts regarding the custom, practice, and feasibility of closing the train's doors, the Supreme Court precluded the evidence. The Supreme Court erred by precluding this evidence because it was competent evidence that the jury could have considered in determining whether the train's doors should have been closed prior to departing the Deer Park station (see, Egelston v New York, Chicago & St. Louis R. R. Co., 205 NY 579, supra).

In addition, the plaintiffs should have been permitted to offer expert testimony regarding the speed of the train when Derek attempted to board it.

The Supreme Court also erred by instructing the jury that the nine-year-old plaintiff was negligent as a matter of law (see, Ramirez v Perlman, 284 App Div 82).

The parties' remaining contentions are without merit. Thompson, J. P., Copertino, Pizzuto and Goldstein, JJ., concur.