■ JEANNE M. PURCELL, Appellant-Respondent, v MARIE C. AXELSEN, Respondent-Appellant. [729 NYS2d 495] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Dutchess County (Beisner, J.), entered May 10, 2000, as, upon the denial of her motion pursuant to CPLR 4401 made at the close of evidence for judgment in her favor as a matter of law, and, upon a jury verdict finding her 50% at fault in the happening of the accident and the defendant 50% at fault, and awarding her, *inter alia*, $10,000 for past pain and suffering and $0 for future pain and suffering, is in her favor and against the defendant in the principal sum of only $11,003, and the defendant cross-appeals from so much of the judgment as, upon the denial of her motion pursuant to CPLR 4401 made at the close of evidence for judgment as a matter of law, in effect, adjudged her 50% at fault in the happening of the accident.

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by deleting the provisions thereof awarding the plaintiff $10,000 for past pain and suffering and $0 for future pain and suffering and granting a new trial as to those damages only; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiff, unless within 30 days after service upon the defendant of a copy of this decision and order, with notice of entry,

the defendant shall serve and file in the Office of the Clerk of the Supreme Court, Dutchess County, a written stipulation consenting to increase the verdict as to damages for past pain and suffering from the sum of $10,000 to the sum of $130,000, and as to damages for future pain and suffering from the sum of $0 to the sum of $120,000 and to the entry of an amended judgment accordingly, awarding damages, *inter alia*, for past pain and suffering in the principal sum of $65,000 (50% of $130,000) and for future pain and suffering in the principal sum of $60,000 (50% of $120,000). In the event the defendant so stipulates, the judgment, as so amended, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

On the afternoon of August 31, 1996, the plaintiff was driving her motorcycle on Route 82 in Dutchess County when she struck a vehicle operated by the defendant, which was stopped in the middle of the northbound lane. At trial, both the plaintiff and another driver who witnessed the accident testified that when they first saw the defendant's vehicle, they believed that it was moving because they did not see its brake lights come on. The plaintiff and the second driver also testified that the defendant had not activated her vehicle's emergency flashers. The defendant testified that she had stopped her vehicle, without pulling over to the shoulder of the roadway, to ask a pedestrian for directions. At the close of evidence, the Supreme Court denied motions from both parties for a directed verdict, and the jury returned a verdict finding the plaintiff and the defendant each 50% at fault in the happening of the accident. The plaintiff appeals, contending that she was entitled to a directed verdict because the evidence established that the defendant committed violations of the Vehicle and Traffic Law, and the defendant cross-appeals, maintaining that she was entitled to a directed verdict because the plaintiff struck her vehicle in the rear.

Contrary to the parties' contentions, the Supreme Court properly denied their respective motions for a directed verdict. It is well settled that a rear-end collision with a stopped vehicle creates a prima facie case of liability with respect to the operator of the moving vehicle and imposes a duty of explanation on the operator of the moving vehicle (*see, Colonna v Suarez,* 278 AD2d 355; *Maschka v Newman,* 262 AD2d 615; *Niemiec v Jones,* 237 AD2d 267). However, a driver also has a duty "not to stop suddenly or slow down without proper signaling so as to avoid a collision" (*Colonna v Suarez, supra,* at 355; *Maschka v Newman, supra; Niemiec v Jones*). Although the

plaintiff came forward with evidence that the defendant contributed to the accident by stopping in the middle of the roadway without giving a proper signal, it cannot be said that there is no rational process by which the jury could have found that she was also partially at fault for failing to avoid the rear-end collision (*see, Cohen v Hallmark Cards,* 45 NY2d 493, 498-499). Furthermore, in view of the evidence that the defendant suddenly stopped her car in the middle of the roadway without pulling over and activating warning lights as required by Vehicle and Traffic Law § 1163 (e) and § 1203 (a), the issue of whether her negligence contributed to the accident was for the jury to decide (*see, Colonna v Suarez, supra; Maschka v Newman, supra*).

We find, however, that the jury award to the plaintiff of $10,000 for past pain and suffering, and $0 for future pain and suffering, deviates materially from what would be reasonable compensation for the injuries she sustained in the accident (*see,* CPLR 5501 [c]). The evidence adduced during the damages phase of the trial reveals that the plaintiff suffered a fractured pelvis, a compression fracture of the L-2 lumbar vertebra, and a comminuted fracture of the left wrist. Over one year after the accident, an X-ray revealed that the wrist fracture had not properly healed, and the plaintiff was required to undergo a surgical procedure to reset the wrist with pins and bone grafted from her hip. The plaintiff's treating physician testified at trial that the plaintiff might require future surgery on her wrist. The physician further testified that a recent X-ray of the plaintiff's spine showed a compressed L-2 lumbar vertebra which was likely to cause early arthritis and chronic back pain. Under these circumstances, the award deviated materially from what would be reasonable compensation to the extent indicated (*see, Semel v Klein,* 233 AD2d 492; *Almada v Long Is. Light. Co.,* 246 AD2d 563; *Sescila v Garine,* 225 AD2d 684; *Evans v City of New York,* 206 AD2d 347).

The parties' remaining contentions are without merit. Krausman, J. P., S. Miller, Schmidt and Adams, JJ., concur.