■ BOLIVAR FLORES et al., Respondents, v KENNETH STEVENSON et al., Respondents, and SYED SHAH et al., Appellants. [754 NYS2d 665] —In an action to recover damages for personal injuries, etc., the defendants Syed Shah and Shaffcat Rasul appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated May 21, 2002, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

On June 12, 1999, a multiple-car collision occurred on Hempstead Turnpike, a road with two eastbound and two westbound lanes. The defendant Shaffcat Rasul, operating a vehicle owned by the defendant Syed Shah, exited a parking lot located on the right side of the eastbound lanes, and crossed over the eastbound lanes in order to make a left turn into the westbound lanes. The defendant Brian Schwartz, who was driving on one of the eastbound lanes of the turnpike, stopped his vehicle "approximately two car lengths" from Rasul's vehicle. Behind him,

the plaintiff Bolivar Flores saw that Schwartz was "gradually" coming to a stop, so he also "gradually" stopped his own vehicle. Schwartz was stopped for "[a]pproximately five seconds" and Flores was stopped for "a couple of seconds" when a fourth car, driven by the defendant Kenneth Stevenson, collided with the rear of the Flores vehicle. The "very heavy" impact pushed Flores' car forward, causing it to collide with Schwartz's vehicle. This in turn caused Schwartz's car to bump into Rasul's vehicle.

The plaintiffs commenced this action against Stevenson, Schwartz, Rasul, and Shah. Schwartz successfully moved for summary judgment, but the Supreme Court denied a similar motion by Rasul and Shah, finding that issues of fact existed as to whether Rasul's actions were a proximate cause of the chain-reaction collisions. We now grant that motion.

Rasul and Shah met their burden of establishing their entitlement to summary judgment (*see generally Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851) by presenting deposition testimony indicating that both Schwartz and Flores were stopped for several seconds by the time Stevenson's vehicle collided with Flores' vehicle. This evidence established that Rasul's actions were not a proximate cause of the chain-reaction collisions (*see Robinson v Day,* 265 AD2d 916; *Lehmann v Sheaves,* 231 AD2d 687). In response, the plaintiffs failed to establish the existence of a material issue of fact requiring a trial of the action (*see Zuckerman v City of New York,* 49 NY2d 557). Therefore, the Supreme Court erred in denying the motion of Rasul and Shah for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Ritter, J.P., Goldstein, Luciano and Schmidt, JJ., concur.