■ Mone Mustafaj, Appellant, v Walter Driscoll, Defendant, and Jorge Lugo, Respondent. [773 NYS2d 26]—

Order, Supreme Court, Bronx County (Barry Salman, J.), entered September 16, 2003, which granted defendant Lugo's motion for summary judgment dismissing the action against him, unanimously affirmed, without costs.

Plaintiff, who sustained injuries as a result of a three-car collision, was a passenger in the first vehicle in the toll lane at the Triboro Bridge. The second vehicle, driven by defendant Lugo, was stopped behind plaintiff's vehicle when it was struck in the rear by the third car, driven by defendant Driscoll. Plaintiff alleged negligence on the part of both defendants. Driscoll subsequently settled with plaintiff.

In a chain-reaction collision, responsibility presumptively rests with the rearmost driver, i.e., Driscoll (*see Bendik v Dy-*

*bowski*, 227 AD2d 228 [1996]; *Rue v Stokes*, 191 AD2d 245, 246 [1993]). Plaintiff contends that an issue of fact is raised in the affidavit of her son, the driver of her vehicle, who asserted that Lugo stopped suddenly only four feet behind them.

Stop-and-go movement is to be anticipated in a toll lane. The evidence shows that both plaintiff's vehicle and the Lugo vehicle were able to stop safely prior to the collision. The son did not actually witness Lugo's alleged sudden stop, but claims in conclusory fashion that he heard Lugo stop short, without explaining how he came to attribute that sound to the Lugo vehicle, as opposed to any other vehicle (*cf. Levine v Taylor*, 268 AD2d 566 [2000]). What is undisputed is that Driscoll first rear-ended Lugo, propelling Lugo into the vehicle in which plaintiff was a passenger. Plaintiff has failed to raise a triable issue sufficient to defeat Lugo's motion for summary judgment. Concur—Nardelli, J.P., Andrias, Sullivan and Lerner, JJ.