DANIEL MURTAGH, Respondent, v JOHN J. BEACHY IV et al., Defendants, and BERNARD R. GLICK, Appellant. [774 NYS2d 591]—

Crew III, J. Appeal from a judgment of the Supreme Court (Vogt, J.H.O.), entered November 9, 2002 in Ulster County, upon a verdict rendered in favor of plaintiff.

This action has its genesis in a three-car chain-reaction accident that occurred in September 2002 on State Route 9 in the City of Poughkeepsie, Dutchess County. The testimony at trial revealed that immediately prior to the accident, defendant Bernard R. Glick was traveling north on Route 9 in the left-hand lane in moderate traffic. Plaintiff was traveling in the same lane approximately two car lengths behind Glick at roughly 45 miles per hour, followed by an unidentified individual operating a Chevrolet Suburban. Bringing up the rear was defendant John J. Beachy IV (hereinafter Beachy), who was operating a vehicle owned by defendant Carol Ann Beachy.

Plaintiff testified that as Glick approached the access ramp for the Mid-Hudson Bridge, Glick activated his left-hand turn signal and began to move in that direction toward the access ramp. According to plaintiff, Glick then suddenly swerved right, crossing over the yellow hash marks indicating the separation between the access ramp and the main thoroughfare and veering back onto Route 9 north. As traffic to his right prevented him from moving into the next lane, plaintiff braked and slowed his vehicle from 45 miles per hour to approximately 10 to 15 miles per hour. The operator of the Suburban moved into the right-hand lane to avoid a collision with plaintiff, revealing plaintiff's vehicle to Beachy. Traffic to his right prevented Beachy from following suit, prompting him to slam on his brakes. Approximately two seconds later, Beachy struck plaintiff's vehicle from the rear, propelling plaintiff's still moving vehicle into Glick's vehicle.

Plaintiff thereafter commenced this personal injury action against defendants. Following joinder of issue and discovery,

Glick moved for summary judgment dismissing the complaint against him. Although Supreme Court initially granted Glick's motion, the court, upon plaintiff's successful motion to reargue, reversed its prior order and reinstated the complaint against Glick. The matter proceeded to trial and, at the close of proof, plaintiff and the Beachys settled. Supreme Court denied Glick's motion for a directed verdict, and the jury thereafter returned a verdict in favor of plaintiff and apportioned liability equally between Glick and Beachy. Glick's subsequent motion for judgment notwithstanding the verdict was denied, prompting this appeal.

We affirm. The crux of Glick's argument on appeal is that because plaintiff was able to slow his vehicle and, up to the point that he was rear-ended by Beachy, avoid a collision with Glick, any negligence on Glick's part, as a matter of law, cannot be the proximate cause of plaintiff's injuries. In support of this theory, Glick cites a trilogy of cases (*see Rzepecki v Yauch*, 277 AD2d 984 [2000]; *Robinson v Day*, 265 AD2d 916 [1999]; *Lester v Chmaj*, 251 AD2d 1069 [1998]), all of which stand for the proposition that when a plaintiff is able to stop short of and avoid colliding with the lead vehicle, the negligent conduct of the lead driver is not a proximate cause of whatever injuries the plaintiff may sustain as the result of a rear-end collision (*see also Lejkowski v Siedlarz*, 2 AD3d 791 [2003]; *Flores v Stevenson*, 302 AD2d 357 [2003]; *Mohamed v Town of Niskayuna*, 267 AD2d 909 [1999]). The key distinction, however, between the cited cases and the matter before us is obvious—namely, the complete absence of proof that plaintiff was able to successfully stop his vehicle prior to being struck by Beachy's vehicle. Although Glick asserts that this is a distinction without a difference, we are not so persuaded.

The uncontroverted proof reveals that both Glick's and plaintiff's vehicles were in motion, traveling at what plaintiff estimated to be between 10 and 15 miles per hour, at the point in time that plaintiff's vehicle was struck by Beachy's vehicle. In other words, although plaintiff had slowed in response to Glick's sudden move into plaintiff's lane of travel, plaintiff had not come to a complete stop prior to being rear-ended by Beachy some two seconds later. That being the case, it is entirely speculative to assert that, but for the collision between plaintiff's vehicle and Beachy's vehicle, plaintiff would have been able to avoid colliding with Glick's vehicle. Thus, it cannot be said, as a matter of law, that Glick's negligent conduct was not a proximate cause of plaintiff's injuries. Indeed, the record as a whole supports a contrary finding—specifically, that Glick's

negligent conduct set into motion an eminently foreseeable chain of events that resulted in a collision between plaintiff's vehicle and Beachy's vehicle. Accordingly, Supreme Court properly denied Glick's various trial motions. Glick's remaining arguments, including his assertion that Supreme Court erred in granting plaintiff's motion to reargue, have been examined and found to be lacking in merit.

Cardona, P.J., Mercure, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, with costs.