■ Thomas A. Gaeta, Appellant, v James H. Carter, Jr., et al., Defendants and Third-Party Plaintiffs-Respondents. Liberty Lines Transit, Third-Party Defendant-Appellant. [775 NYS2d 86]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Barone, J.), dated January 13, 2003, as denied his motion for summary judgment on the issue of liability against the defendants, and the third-party defendant Liberty Lines Transit, Inc., separately appeals from so much of the same order as denied its motion for summary judgment dismissing the third-party complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the motion of the third-party defendant Liberty Lines Transit, Inc., which was for summary judgment dismissing the third-party complaint, and substituting therefore provisions granting the motion, dismissing the third-party complaint, and severing the main action; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the third-party defendant Liberty Lines Transit, Inc., payable by the defendants third-party plaintiffs.

The plaintiff allegedly sustained serious injuries when his vehicle was struck in the rear by a truck owned and operated by the defendants third-party plaintiffs (hereinafter the defendants). When the driver of an automobile approaches another automobile from the rear, he or she is bound to maintain a reasonably safe rate of speed and control over his vehicle, and to exercise reasonable care to avoid colliding with the other vehicle. A rear-end collision with a stopped "or stopping" vehicle creates a prima facie case of liability with respect to the operator of the rearmost vehicle, thereby requiring that operator to rebut the inference of negligence by providing a non-negligent explanation for the collision (*Chepel v Meyers,* 306 AD2d 235 [2003]). However, not every rear-end collision is the exclusive fault of the rearmost driver. The frontmost driver also has the duty "not to stop suddenly or slow down without proper signaling so as to avoid a collision" (*id.* at 236, quoting *Purcell v Axelsen,* 286 AD2d 379, 380 [2001]; Vehicle and Traffic Law

§ 1163). Thus, where the frontmost driver also operates his vehicle in a negligent manner, the issue of comparative negligence is for a jury to decide (*see Purcell v Axelsen, supra*).

In the instant case, in opposition to the plaintiff's prima facie showing of entitlement to summary judgment, the defendants demonstrated the existence of issues of fact by adducing evidence suggesting that the plaintiff stopped his car in traffic in an attempt to make a right-hand turn, from the left-hand lane, without signaling. Thus, issues of comparative negligence as between these parties must be resolved by a jury. The court erred, however, in denying the motion of third-party defendant Liberty Lines Transit, Inc. (hereinafter Liberty), which was for summary judgment dismissing the third-party complaint. The admissible evidence adduced by Liberty established, as a matter of law, that its bus, which had been stopped at a bus stop and then merged into traffic, was not operated in a negligent manner that was in any way a proximate cause of the accident. In opposition, the defendants failed to establish the existence of a genuine issue of fact (*see Lacagnino v Gonzalez*, 306 AD2d 250 [2003]; *Wolf v We Transp.*, 274 AD2d 514 [2000]; *Johnson v Phillips*, 261 AD2d 269 [1999]).

The parties' remaining contentions are without merit. Altman, J.P., S. Miller, Luciano and Rivera, JJ., concur.