OPINION OF THE COURT
Per Curiam.
Order entered December 18, 2003, insofar as appealed from, reversed, with $10 costs, motion by defendant Roberson granted and the complaint and all cross claims against her dismissed. The clerk is directed to enter judgment accordingly.
This negligence action arises from a multi-vehicle collision on the FDR Drive. The unrefuted record evidence shows that a vehicle driven by defendant Roberson came to a stop in the center southbound lane when a taxi switched lanes and “cut across” directly in front of her. Three other vehicles traveling in the center lane, including a car driven by plaintiff Grant-Wade, were able to stop safely behind Roberson’s vehicle. Several seconds later defendant Achenbach’s car collided with the rear of the fourth stopped vehicle, causing a chain-reaction collision involving all of the vehicles except the taxi.
Civil Court denied defendant Roberson’s cross motion for summary judgment, noting without elaboration that it found factual issues “regarding the actions of the vehicles involved.” We reverse, and grant the motion. Defendant Roberson met her burden of establishing entitlement to summary judgment by presenting uncontradicted deposition testimony and other evidence showing that she was stopped for several seconds behind the taxi that had cut in front of her before the chain-reaction collision started (see Flores v Stevenson, 302 AD2d 357 [2003]). In such circumstances, responsibility presumptively rests with the rearmost driver, i.e., defendant Achenbach (see Mustafaj v Driscoll, 5 AD3d 138 [2004]). In response, neither Achenbach nor plaintiffs raised a material issue of fact requiring a trial. Insufficient in this regard were the claimed discrepancies in the parties’ deposition testimony concerning the prevailing traffic conditions or any uncertainty as to the taxi driver’s culpable conduct (see Malone v Morillo, 6 AD3d 324 [2004]; Toulson v Young Han Pae, 6 AD3d 292 [2004]).
Davis, J.P, Gangel-Jacob and Schoenfeld, JJ., concur.