RONALD T. SHEFFER, SR., Respondent, v CHRISTOPHER H. CRITOPH et al., Appellants, and RONALD T. SHEFFER, JR., et al., Respondents. (Action No. 1.) RONALD T. SHEFFER, JR., Respondent, v CHRISTOPHER H. CRITOPH et al., Appellants. (Action No. 2.) [787 NYS2d 584]—

Appeals from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered March 17, 2004. The order denied the motion of defendants Christopher H. Critoph and Harold C. Critoph, Inc. for summary judgment dismissing the complaints against them and the cross motion of defendants Melissa Johnson, Edith Rice and James Rice for summary judgment dismissing the complaints against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: The plaintiffs in action Nos. 1 and 2 (hereafter, Sheffer, Sr. and Sheffer, Jr.) commenced their respective actions seeking damages for injuries they sustained when the vehicle driven by Sheffer, Jr. in which Sheffer, Sr. was a passenger was involved in a collision. According to plaintiffs, a vehicle owned by defendants Edith Rice and James Rice and driven by defendant Melissa Johnson (collectively, Rice defendants) precipitated the collision between the Sheffer vehicle and a vehicle owned by defendant Harold C. Critoph, Inc. and driven by defendant Christopher H. Critoph (collectively, Critoph defen-

dants). In addition, Sheffer, Sr. named his son and his son's wife as defendants in action No. 1.

Supreme Court properly denied the motion of the Critoph defendants and the cross motion of the Rice defendants for summary judgment dismissing the complaint in each action against them. With respect to the Critoph defendants, they submitted the deposition testimony of Sheffer, Jr. in support of their motion. Sheffer, Jr. testified therein that, although his vehicle rear-ended the Critoph vehicle, the Critoph vehicle was stopped in the driving lane of traffic at night without any lights illuminating the vehicle, in violation of Vehicle and Traffic Law § 1163. Thus, the deposition testimony of Sheffer, Jr. provided a non-negligent explanation for his rear-end collision of the Critoph vehicle, requiring denial of the motion of the Critoph defendants (*see generally Ruzycki v Baker*, 301 AD2d 48, 49 [2002]; *Pitchure v Kandefer Plumbing & Heating*, 273 AD2d 790 [2000]).

In support of their cross motion, the Rice defendants submitted the deposition testimony of Johnson in which she admitted that, when she entered East Eden Road, the road on which the Sheffer and Critoph vehicles were already traveling, she was unable to make a right-hand turn into the driveway of her home because of the icy condition of the road. She further admitted that she immediately turned into the first driveway she observed on the left and that her vehicle slid as she entered the driveway. Johnson testified that the collision occurred when she was about to back out of that driveway. According to the deposition testimony of Christopher Critoph submitted by Sheffer, Sr. and by Sheffer, Jr. and his wife in opposition to the motion and cross motion, the Critoph vehicle was approximately three car lengths away from the vehicle driven by Johnson when she entered East Eden Road. Christopher Critoph testified that Johnson turned right onto East Eden Road as if she "was going to . . . try to beat [him] or something," and he saw her vehicle "fishtailing" on East Eden Road. When Christopher Critoph then observed Johnson enter the driveway and immediately put her vehicle in reverse, he stopped his own vehicle and pulled over to the side of the road in an attempt to avoid a collision with the vehicle driven by Johnson.

Based on the record before us, it cannot be said as a matter of law that Johnson's acts were not a proximate cause of the collision between the Sheffer and Critoph vehicles, and thus the cross motion of the Rice defendants was properly denied. The test for proximate cause is "whether under all the circumstances the chain of events that followed the negligent act or omission

was a normal or foreseeable consequence of the situation created by the [defendant's] negligence" (*Mirand v City of New York*, 84 NY2d 44, 50 [1994]). "[A] plaintiff need only raise a triable issue of fact regarding whether defendant's conduct proximately caused plaintiff's injuries" (*Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 550 [1998]). Here, there is an issue of fact whether the vehicle driven by Johnson "set into motion an eminently foreseeable chain of events that resulted in [the] collision" between the Sheffer and Critoph vehicles (*Murtagh v Beachy*, 6 AD3d 786, 788 [2004]; cf. *Rzepecki v Yauch*, 277 AD2d 984 [2000]; *Robinson v Day*, 265 AD2d 916, 917-918 [1999]). Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Martoche and Smith, JJ.