■ Jose De La Cruz, Respondent, v Ock Wee Leong, Doing Business as Sunway Company, Appellant. [791 NYS2d 102]—

Orders, Supreme Court, Bronx County (Nelson Roman, J.), entered July 8, 2003 and January 12, 2004, which respectively granted plaintiff's motion for summary judgment as to liability and denied defendant's motion to renew, unanimously affirmed, without costs.

Plaintiff was the driver of the second vehicle in a three-vehicle collision. The third vehicle was defendant's truck. While plaintiff may ultimately be held responsible for the collision between his truck and the vehicle in front of him, the unrebutted evidence demonstrates that defendant, in approaching and hitting plaintiff's truck from the rear, did not maintain the reasonable distance mandated by law (Vehicle and Traffic Law § 1129 [a]). Nothing submitted by defendant, in either his original papers opposing plaintiff's summary judgment motion or his subsequent request for renewal, raises a triable issue of fact in this regard. Indeed, defendant conceded at his deposition that he had seen plaintiff's truck come to a halt about 30 feet in front of him, and despite his attempt to brake, he was unable to prevent the collision. Defendant has thus failed to offer a non-negligent explanation for his own inability to stop in time. The rule is that a driver must maintain a safe distance between his vehicle and the one in front of him, and any rear-end collision establishes a prima facie case of negligence on the part of the rear-ending driver (*Johnson v Phillips*, 261 AD2d 269, 271 [1999]). Indeed, the rearmost driver in a chain-reaction collision bears a presumption of responsibility (*Mustafaj v Driscoll*, 5 AD3d 138 [2004]). Concur—Buckley, P.J., Andrias, Friedman, Gonzalez and Sweeny, JJ.