■ Dorothy Phillips et al., Respondents, v Timothy Bartholomew et al., Appellants. [798 NYS2d 286]—

Appeals from an order of the Supreme Court, Erie County (Peter J. Notaro, J.), entered November 8, 2004 in a personal injury action. The order, insofar as appealed from, granted those parts of plaintiffs' motion seeking partial summary judgment on the issue of liability and dismissed the counterclaims with prejudice.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, those parts of the motion seeking partial summary judgment are denied and the counterclaims are reinstated.

Memorandum: Plaintiffs commenced this action seeking damages for personal injuries sustained by plaintiff Dorothy Phillips as a result of a motor vehicle accident. The accident involved several vehicles that were driving through a construction zone in which traffic was reduced to a single lane of travel. Defendant Cold Spring Construction Company (Cold Spring) owned the first vehicle in line, a construction vehicle that displayed several sets of flashing lights and a sign advising drivers behind it to "keep alert to sudden stops and turns." There was conflicting deposition testimony regarding whether there were three or four vehicles in the line and whether plaintiffs' vehicle was second or third in line, but all parties agree that the vehicle of defendant Timothy Bartholomew was last in line, directly behind plaintiffs' vehicle. The incident began when Cold Spring's driver slowed to turn into the passing lane, which was cordoned off by construction barrels. Cold Spring's vehicle struck one of the barrels, causing it to roll across the path of the remaining vehicles. The driver of Cold Spring's vehicle testified that he hit the barrel because he was concerned that plaintiffs' vehicle was following him too closely and he was watching plaintiffs' vehicle in his mirror. Bartholomew, who was admittedly tailgating, rear-ended plaintiffs' vehicle as it slowed to avoid the rolling barrel. Insofar as relevant to these appeals, Supreme Court granted those parts of plaintiffs' motion seeking partial summary judgment against both defendants on the issue of liability and dismissed defendants' counterclaims against Glenn Phillips (plaintiff).

We agree with Cold Spring that the court erred in granting that part of plaintiffs' motion seeking partial summary judgment against Cold Spring on the issue of liability and in dismissing its counterclaim against plaintiff. Although plaintiffs

established that Cold Spring's driver was negligent for hitting the construction barrel and causing it to roll into plaintiffs' path, Cold Spring raised a triable issue of fact in response, through deposition testimony indicating that plaintiff was also negligent for following Cold Spring's vehicle too closely (see *Darmento v Pacific Molasses Co.*, 81 NY2d 985, 987-988 [1993]; see also Vehicle and Traffic Law § 1129 [a]). Furthermore, Cold Spring also established that plaintiff successfully slowed his vehicle and did not strike the barrel, and thus there is an issue of fact whether any negligence of Cold Spring's driver was a proximate cause of the accident (see generally *Lejkowski v Siedlarz*, 2 AD3d 791, 792 [2003]; *Flores v Stevenson*, 302 AD2d 357, 358 [2003]).

We also agree with Bartholomew that a triable issue of fact precludes partial summary judgment against him on the issue of liability and that the court erred in dismissing his counterclaim. On that part of their motion seeking partial summary judgment on the issue of liability against Bartholomew, plaintiffs met their initial burden by submitting evidence establishing that he was negligent for following too closely (see *Darmento*, 81 NY2d at 987-988). Bartholomew raised a triable issue of fact in response, however, by submitting deposition evidence that plaintiffs' vehicle was tailgating Cold Spring's vehicle, which "set into motion an eminently foreseeable chain of events that resulted in a collision between plaintiff[s'] vehicle and [Bartholomew]'s vehicle" (*Murtagh v Beachy*, 6 AD3d 786, 788 [2004]). Thus, because triable issues of fact exist as to the negligence of plaintiff and whether any such negligence was also a proximate cause of the accident (see generally *Sheffer v Critoph*, 13 AD3d 1185, 1186-1187 [2004]; *Leahey v Fitzgerald*, 1 AD3d 924, 926 [2003]), the court erred in granting plaintiffs' motion seeking partial summary judgment on the issue of liability and in dismissing defendants' counterclaims. Present—Martoche, J.P., Smith, Lawton and Hayes, JJ.