■ Jesus Taveras et al., Respondents, v Muhammad A. Amir et al., Defendants, and Platform Taxi, Inc., et al., Defendants and Third-Party Plaintiffs-Respondents. Emerito P. Deleon et al., Third-Party Defendants-Appellants. (Action No. 1.) Jacque-

LINE SEERY et al., Respondents, v PLATFORM TAXI SERVICES CORP. et al., Defendants and Third-Party Plaintiffs-Respondents. EMERITO P. DELEON et al., Third-Party Defendants-Appellants; MUHAMMAD A. AMIR et al., Third-Party Defendants-Respondents. (Action No. 2.) [808 NYS2d 368]—

In two related actions to recover damages for personal injuries, the third-party defendants Emerito P. Deleon and ELRAC, Inc., appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Kings County (M. Garson, J.), dated December 15, 2004, as granted the motion of Jesus Taveras and Urbana Taveras, the plaintiffs in action No. 1, for leave to serve an amended summons and complaint adding Emerito P. Deleon and ELRAC, Inc., as defendants in action No. 1 and granted that branch of the motion of Jacqueline Seery and Robert O'Brien, the plaintiffs in action No. 2, which was for leave to serve an amended summons and complaint adding Emerito P. Deleon and ELRAC, Inc., as defendants in action No. 2, and (2) an order of the same court also dated December 15, 2004, as denied those branches of their cross motion which were for summary judgment dismissing the complaints, third-party complaints, and all cross claims insofar as asserted against them in both actions.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs payable to the plaintiffs Jesus Taveras and Urbana Taveras.

Proof of a rear-end collision establishes a prima facie case of negligence on the part of the driver of the vehicle that strikes the forward vehicle and imposes a duty upon such operator to explain how the accident occurred (see Moran v Singh, 10 AD3d 707, 708 [2004]; Velazquez v Denton Limo, Inc., 7 AD3d 787, 788 [2004]; McGregor v Manzo, 295 AD2d 487 [2002]; Leal v Wolff, 224 AD2d 392, 393 [1996]). The sudden stop of a lead car is one of the non-negligent explanations of a rear-end collision (see Gaeta v Carter, 6 AD3d 576 [2004]; Chepel v Meyers, 306 AD2d 235 [2003]; Purcell v Axelsen, 286 AD2d 379 [2001]), because the operator of that car has a duty to avoid stopping suddenly without properly signaling to avoid a collision "when there is opportunity to give such signal" (Vehicle and Traffic Law § 1163; see id.; Colonna v Suarez, 278 AD2d 355 [2000]).

The appellants made out a prima facie case for summary judgment. However, the papers submitted in opposition to the motion, including the affidavit of Jesus Taveras, a plaintiff in action No. 1, and the deposition testimony of Muhammad A. Amir,

a defendant in action No. 1 and a third-party defendant in action No. 2, were sufficient to raise a triable issue of fact as to whether the appellant Emerito P. Deleon made a sudden, unexplained stop, thereby contributing to the accident (*see Gaeta v Carter, supra; Chepel v Meyers, supra; Purcell v Axelsen, supra*). Accordingly, the Supreme Court properly denied those branches of the appellants' cross motion which were for summary judgment dismissing the complaints, third-party complaints, and all cross claims insofar as asserted against them in the actions and properly granted the separate motion of the plaintiffs in both actions for leave to serve an amended summons and complaint adding the appellants as defendants. Crane, J.P., Mastro, Fisher and Lunn, JJ., concur.