■ Patricia Carhuayano et al., Respondents, v J&R Hacking et al., Respondents, and Clifford Larsen et al., Appellants. [813 NYS2d 162]—

In an action to recover damages for personal injuries, the defendants Clifford Larsen and Cory Larsen appeal from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated July 11, 2005, as denied that branch of their cross motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

Generally, a rear-end collision with a stopped vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle and imposes a duty on the operator of the moving vehicle to rebut the inference of negligence by providing a non-negligent explanation for the collision (*see Gaeta v Carter*, 6 AD3d 576 [2004]; *Chepel v Meyers*, 306 AD2d 235, 237 [2003]; *Purcell v Axelsen*, 286 AD2d 379, 380 [2001]). A sudden, negligent, or unexplained stop of the lead vehicle can constitute a non-negligent explanation (*see Chepel v Meyers, supra* at 237). Stated another way, the lead driver also has a duty "not to stop suddenly or slow down without proper signaling so as to avoid a collision" (*Id.* at 236; *see Purcell v Axelsen, supra* at 380; *Taveras v Amir*, 24 AD3d 655 [2005]). However, where the lead driver is forced to brake and stop suddenly without striking the vehicle in front due to that vehicle coming to a sudden stop, there is no basis for imposing liability on that driver (*see Good v Atkins*, 17 AD3d 315, 316 [2005]; *Lejkowski v Siedlarz*, 2 AD3d 791 [2003]; *Sekuler v Limnos Taxi*, 264 AD2d 389, 389-390 [1999]; *Escobar v Rodriguez*, 243 AD2d 676 [1997]).

The appellants made out a prima facie case for summary judgment. However, in opposition, the defendants J&R Hacking and Abdullah Yassar raised triable issues of fact as to whether Cory Larsen made a sudden, negligent, or unexplained stop (*see Gaeta v Carter, supra; Chepel v Meyers, supra; Purcell v Axelsen, supra*), and, if so, whether it was a proximate cause of the injuries sustained by the plaintiff Patricia Carhuayano. Yassar's deposition testimony suggests that Corey Larsen stopped his vehicle in response to the vehicle in front of him abruptly exiting the expressway rather than as a result of that vehicle coming to a stop as contended by the appellants. Additionally, Cory Larsen's deposition testimony raises a question of fact as to

whether he was following the vehicle in front of him too closely. Accordingly, the Supreme Court properly denied that branch of the appellants' cross motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Florio, J.P., Miller, Goldstein and Lunn, JJ., concur.