ERMA JOHN, Respondent, v JOSE R. LEYBA et al., Respondents, and OSWALD A. ALLEN et al., Appellants. [831 NYS2d 488]—

In an action to recover damages for personal injuries, the defendants Oswald A. Allen and Deloris Allen appeal from an order of the Supreme Court, Kings County (Saitta, J.), dated April 18, 2006, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff was a passenger in a vehicle owned by the defendant Deloris Allen and operated by the defendant Oswald A. Allen (hereinafter Allen). The Allen vehicle was struck in the rear by a vehicle owned by the defendant Valentin Leiba and operated by the defendant Jose R. Leyba after Allen concededly "slammed" on his brakes. At his deposition, Allen testified that he had been in the far left lane of a three-lane road at the time

of the accident and had stopped suddenly to avoid striking a vehicle turning left in front of him from the center lane. In contrast, Leyba testified at his deposition that the accident had occurred in the far right lane and that he had not seen any turning vehicles when the collision took place.

A rear-end collision with a stopped or stopping vehicle creates a prima facie case of liability with respect to the operator of the rearmost vehicle, thereby requiring that operator to rebut the inference of negligence by providing a non-negligent explanation for the collision (*see Gaeta v Carter*, 6 AD3d 576 [2004]; *Colonna v Suarez*, 278 AD2d 355 [2000]). A sudden, negligent, or unexplained stop of the lead vehicle can constitute a non-negligent explanation because the lead driver has a duty not to stop suddenly or slow down without proper signaling so as to avoid a collision when there is opportunity to give such signal (*see* Vehicle and Traffic Law § 1165 [3]; *Carhuayano v J&R Hacking*, 28 AD3d 413, 414 [2006]; *Taveras v Amir*, 24 AD3d 655, 656 [2005]). Thus, where the frontmost driver also operates his vehicle in a negligent manner, the issue of comparative negligence is for a jury to decide (*see Gaeta v Carter, supra* at 577; *Mundo v City of Yonkers*, 249 AD2d 522, 523 [1998]).

The Allens made out a prima facie case for summary judgment by demonstrating that their vehicle was struck in the rear. However, the parties in opposition raised triable issues of fact as to why Allen stopped suddenly (*cf. Carhuayano v J&R Hacking, supra* at 414). Accordingly, the Supreme Court properly denied the motion for summary judgment (*see Mundo v City of Yonkers, supra* at 523). Miller, J.P., Schmidt, Ritter and Angiolillo, JJ., concur.