■ JACINTO TOMAS QUEZADA, Respondent, v HUGO ANTONIO AQUINO et al., Respondents, and MEAGAN A. DIXON et al., Appellants. (Action No. 1.) CARLOS AQUINO, Respondent, v HUGO ANTONIO AQUINO et al., Respondents, and MEAGAN A. DIXON et al., Appellants. (Action No. 2.) HUGO ANTONIO AQUINO, Respondent, v J.F. CAPELLAN-DELEON et al., Respondents, and MEAGAN A. DIXON et al., Appellants. (Action No. 3.) CARMEN CAPELLAN et al., Respondents, v JUAN FRANCISCO CAPELLAN-DELEON et al., Respondents, and ELEANOR DIXON et al., Appellants. (Action No. 4.) ROBERT BERGMAN, JR., Plaintiff, v HUGO ANTONIO AQUINO et al., Defendants. (Action No. 5.) [833 NYS2d 169]—

In five related actions, inter alia, to recover damages for personal injuries, etc., Meagan A. Dixon and Eleanor M. Dixon, defendants in action Nos. 1, 2, 3, and 4, appeal from an order of the Supreme Court, Rockland County (Garvey, J.), dated December 6, 2005, which denied their motion for summary judgment dismissing the complaints and all cross claims insofar as asserted against them in those actions.

Ordered that the order is affirmed, with costs.

"The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway" (Vehicle and Traffic Law § 1129 [a]; *see Carhuayano v J&R Hacking*, 28 AD3d 413 [2006]; *David v New York City Bd. of Educ.*, 19 AD3d 639 [2005]). At the same time, the lead vehicle has a duty "not to stop suddenly or slow down without proper signaling so as to avoid a collision" (*Purcell v Axelsen*, 286 AD2d 379, 380 [2001] [internal quotation marks omitted]; *see Carhuayano v J&R Hacking, supra*).

Meagan A. Dixon, who operated the lead vehicle in a multivehicle collision, and Eleanor M. Dixon, who owned that vehicle, submitted evidence of a rear-end collision sufficient to establish their entitlement to judgment as a matter of law (*see Neidereger v Misuraca*, 27 AD3d 537 [2006]; *Rainford v Sung S. Han*, 18 AD3d 638 [2005]; *Malone v Morillo*, 6 AD3d 324

[2004]). However, the papers submitted in opposition to the motion were sufficient to raise a triable issue of fact as to whether Meagan A. Dixon contributed to the accident by making a sudden and unexplained stop (*see Taveras v Amir*, 24 AD3d 655 [2005]; *Gaeta v Carter*, 6 AD3d 576 [2004]; *Chepel v Meyers*, 306 AD2d 235 [2003]). Miller, J.P., Spolzino, Ritter and Dillon, JJ., concur.