██ RICHARD B. OWSIAN, JR., et al., Respondents, v DANIEL D. COBO et al., Appellants. DANIEL D. COBO et al., Third-Party Plaintiffs-Respondents. JOHN T. NIGHTINGALE et al., Third-Party Defendants-Appellants. [846 NYS2d 824]—

Appeals from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered June 14, 2006 in a personal injury action. The order denied the motion of third-party defendants John T. Nightingale and Simoncelli Electric for summary judgment dismissing the third-party complaint against them, granted plaintiffs' motion for partial summary judgment on the issue of negligence against defendants Daniel D. Cobo and Boehmer Transportation Corp. and denied the motion of defendant and third-party defendant Michael J. Fricano for summary judgment dismissing the amended complaint and third-party complaint against him.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying plaintiffs' motion and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by plaintiff Richard B. Owsian, Jr. when the vehicle in which he was a passenger, owned by his employer, third-party defendant Simoncelli Electric and operated by his coworker, third-party defendant John T. Nightingale (collectively, Simoncelli defendants), was rear-ended by a truck owned by defendant and third-party plaintiff Boehmer Transportation Corp. and operated by defendant and third-party plaintiff Daniel D. Cobo (collectively, Boehmer defendants). The accident occurred after the vehicles had entered a construction zone behind a third vehicle that was owned and operated by defen-

dant and third-party defendant Michael J. Fricano. Traffic in the construction zone was reduced to a single lane, and Fricano stopped his vehicle in that lane to yell at the construction workers. Nightingale stopped the Simoncelli defendants' vehicle to avoid colliding with Fricano, but Cobo was unable to stop the Boehmer defendants' truck before rear-ending the Simoncelli defendants' vehicle.

Supreme Court properly denied the motion of Fricano seeking summary judgment dismissing the amended complaint and third-party complaint against him. Fricano failed to meet his burden of establishing that his conduct in stopping his vehicle in the travel lane was not negligent (*see* Vehicle and Traffic Law § 1202 [a]), and that such conduct did not cause or contribute to the accident (*see generally Phillips v Bartholomew*, 20 AD3d 920, 922 [2005]). The court also properly denied the motion of the Simoncelli defendants seeking summary judgment dismissing the third-party complaint against them. Although they met their initial burden by submitting evidence that the Boehmer defendants' truck rear-ended their vehicle, the Boehmer defendants submitted evidence raising triable issues of fact whether Nightingale was negligent in following Fricano too closely (*see id.*; *see also Hurley v Izzo*, 248 AD2d 674, 676 [1998]).

The court erred, however, in granting plaintiffs' motion seeking partial summary judgment on the issue of negligence against the Boehmer defendants. The Boehmer defendants met their burden of submitting evidence in support of their nonnegligent explanation for the rear-end collision, i.e., the "sudden, negligent, or unexplained stop of the [Simoncelli defendants'] vehicle" (*John v Leyba*, 38 AD3d 496, 497 [2007]). We therefore modify the order accordingly. Present—Martoche, J.P., Centra, Peradotto, Green and Pine, JJ.