Berto Kalouche, Respondent, v Rene Vicente, Appellant. [869 NYS2d 846]

Present—Hurlbutt, J.P., Centra, Fahey and Peradotto, JJ.

John L. Craig, Jr., et al., Respondents, v Danielle L. Haynos, Respondent, and Brian W. Lamb, Appellant. [870 NYS2d 653]—

Memorandum: Each of the plaintiffs commenced an action seeking damages for injuries each sustained when the vehicle operated by plaintiff Delisha M. Robinson and in which plaintiff John L. Craig, Jr. was a passenger was rear-ended by a vehicle operated by defendant Danielle L. Haynos. When Robinson's vehicle was rear-ended, it collided with a vehicle operated by defendant Brian W. Lamb. The actions thereafter were consolidated. Supreme Court properly denied the motion of Lamb seeking summary judgment dismissing the complaints and cross claims against him. Lamb "failed to meet his burden of establishing that his conduct in stopping his vehicle in the travel lane was not negligent . . . , and that such conduct did not cause or contribute to the accident" (*Owsian v Cobo*, 45 AD3d 1368, 1369 [2007]). Indeed, by his own submissions in support of the motion, Lamb raised triable issues of fact whether his actions " 'set into motion an eminently foreseeable chain of events that resulted in [the] collision' between the [Robinson and Haynos] vehicles" (*Sheffer v Critoph*, 13 AD3d 1185, 1187 [2004]). Present—Hurlbutt, J.P., Centra, Fahey and Peradotto, JJ.