TODD A. TOWN et al., Appellants, v NINA C. SIDIYAHYA et al., Defendants, and LAKE SHORE PAVING, INC., Respondent. (Appeal No. 1.) [890 NYS2d 861]—

Memorandum: Plaintiffs commenced this action seeking damages for injuries they sustained when the vehicle driven by plaintiff husband in which plaintiff wife was a passenger was rear-ended by another vehicle while plaintiffs were entering the parking lot of a supermarket. At the time of the collision, Lake Shore Paving, Inc. (defendant) had placed construction cones around a newly patched area of pavement in the parking lot's entrance lane. Supreme Court granted the motion of plaintiffs for leave to reargue their opposition to the prior motion of defendant for summary judgment dismissing the amended complaint against it, and we conclude that the court upon reargument erred in adhering to its prior decision granting defendant's motion. Defendant failed to establish as a matter of law that its allegedly negligent placement of the construction

cones was not a proximate cause of the collision (*see Sheffer v Critoph*, 13 AD3d 1185, 1186-1187 [2004]; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Defendant submitted excerpts from the deposition testimony of plaintiff husband wherein he testified that the construction cones were not visible from the roadway, before he entered the parking lot, and that he was unable to come to a complete stop prior to being rear-ended by the other vehicle (*see Sheffer*, 13 AD3d at 1186-1187; cf. *Robinson v Day*, 265 AD2d 916, 917-918 [1999]). Thus, by its own submissions, defendant raised a triable issue of fact whether its conduct "set into motion an eminently foreseeable chain of events that resulted in a collision between plaintiff[s'] vehicle and [another] vehicle" (*Murtagh v Beachy*, 6 AD3d 786, 788 [2004]). Even assuming, arguendo, that defendant established its entitlement to judgment as a matter of law, we conclude that plaintiffs raised a triable issue of fact whether defendant was negligent in partially obstructing an entrance to the parking lot of the supermarket while it was open for business, in violation of defendant's company practices, and whether such violation of defendant's company practices was a proximate cause of the accident (*see generally Trimarco v Klein*, 56 NY2d 98, 105-106 [1982]; *Miller v Long Is. R.R.*, 212 AD2d 515, 516 [1995]). Present—Hurlbutt, J.P., Peradotto, Carni, Pine and Gorski, JJ.