Swaranjit Kaur, Respondent, 
against
Merced Gutierrez-Cruz, Defendant, -and- YOCASTA A. REYNOSO, Appellant.



Appeal from an order of the Civil Court of the City of New York, Queens County (William A. Viscovich, J.), entered May 16, 2014. The order denied a motion by defendant Yocasta A. Reynoso for summary judgment dismissing so much of the complaint as is against her. The appeal was transferred to this court by decision and order of the Appellate Division, Second Judicial Department, dated December 7, 2015.




ORDERED that the order is reversed, without costs, and the motion by defendant Yocasta A. Reynoso for summary judgment dismissing so much of the complaint as is against her is granted.
Plaintiff commenced this action to recover for personal injuries allegedly sustained as a result of a motor vehicle accident which had occurred on July 25, 2007. Plaintiff alleged that the accident involved the vehicle she was operating, a vehicle owned and operated by defendant Merced Gutierrez-Cruz (who has never answered or appeared in the action), and a vehicle owned and operated by defendant Yocasta A. Reynoso.
Reynoso subsequently moved for summary judgment on the issue of liability dismissing the complaint insofar as asserted against her. Reynoso made a prima facie showing that she had been operating her vehicle in a nonnegligent manner when her vehicle had been struck in the rear by another vehicle (which she was unable to identify) and that her vehicle did not come into contact with any other vehicles.
In opposition, plaintiff failed to raise a triable issue of fact. Plaintiff did not demonstrate that Reynoso was negligent in the operation of her vehicle (see Colonna v Suarez, 278 AD2d 355, 355 [2000]; see also Gaeta v Carter, 6 AD3d 576 [2004]), or even that Reynoso's operation of her vehicle was a proximate cause of plaintiff's injuries. Indeed, in her deposition, plaintiff did not refer to Reynoso's vehicle. Although the Civil Court did not consider the police accident report, upon which plaintiff relies, we note that the report was inadmissible (see CPLR 4518 [a]) and the statement therein, attributed to the nonappearing defendant, that Reynoso had stopped her [*2]vehicle, was hearsay and did not fall within any exceptions to the rule against hearsay.
In view of the foregoing, the order denying Reynoso's motion for summary judgment dismissing so much of the complaint as is against her is reversed and the motion is granted.
Pesce, P.J., Weston and Aliotta, JJ., concur.
Decision Date: February 05, 2016