Conroy v New York City Tr. Auth. (2018 NY Slip Op 08913)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Conroy v New York City Tr. Auth.

2018 NY Slip Op 08913

Decided on December 26, 2018

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2016-01296
(Index No. 150032/13)

[*1]Maghan Conroy, appellant, 
vNew York City Transit Authority, et al., respondents, et al., defendants.

Victoria Wickman (Arnold E. DiJoseph, P.C., New York, NY [Arnold E. DiJoseph III], of counsel), for appellant.
Lawrence Heisler, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for respondent New York City Transit Authority.
Connors & Connors, P.C., Staten Island, NY (Tara P. Mandelbaum and Jeffrey M. Alfano of counsel), for respondent Shana Nicole Conroy.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Kim Dollard, J.), dated November 18, 2015. The order, insofar as appealed from, granted the separate motions of the defendants New York City Transit Authority and Shana Nicole Conroy which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the separate motions of the defendants New York City Transit Authority and Shana Nicole Conroy which were for summary judgment dismissing the complaint insofar as asserted against each of them are denied.
The plaintiff was a passenger in a vehicle operated by the defendant Shana Nicole Conroy (hereinafter Conroy). While proceeding in the left lane of Forest Avenue in Richmond County, Conroy brought her vehicle to a complete stop after a bus owned and operated by the defendant New York City Transit Authority (hereinafter NYCTA) allegedly crossed into the left lane in front of her. While stopped, Conroy's vehicle was struck in the rear by a vehicle driven by the defendant Anthony John Gill (hereinafter Gill). Gill's vehicle struck Conroy's vehicle a second time after Gill's vehicle was rear-ended by a vehicle operated by the defendant Samantha Ashley Seblano (hereinafter Seblano). Following discovery, Conroy and NYCTA moved for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court granted their motions, and the plaintiff appeals.
A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the operator of the rear vehicle, requiring that operator to come forward with evidence of a non-negligent explanation for the collision in order to rebut the inference of negligence (see Cruz v Finney, 148 AD3d 772, 773; Lampkin v Chan, 68 AD3d 727, 727; Emil Norsic & Son, Inc. v L.P. Transp., Inc., 30 AD3d 368, 368; Niyazov v Bradford, 13 AD3d 501, 501-502). [*2]"However, not every rear-end collision is the exclusive fault of the rearmost driver" (Gaeta v Carter, 6 AD3d 576, 576). "[W]here the frontmost driver also operates [their] vehicle in a negligent manner, the issue of comparative negligence is for a jury to decide" (id. at 577; see Carhuayano v J & R Hacking, 28 AD3d 413, 414; Taveras v Amir, 24 AD3d 655, 656; Colonna v Suarez, 278 AD2d 355, 355).
Here, Conroy failed to establish her prima facie entitlement to judgment as a matter of law. In support of her motion, Conroy submitted, inter alia, her own deposition testimony and the deposition testimony of Gill. At her deposition, Conroy testified that she was driving in the left lane of traffic when she brought her vehicle to a complete stop to avoid striking a NYCTA bus that had crossed into the left lane in front of her without utilizing a turn signal. However, Gill testified at his deposition that the bus was in the right lane when the accident occurred and that, although he could not be sure, he did not recall the bus ever entering the left lane. Additionally, in contrast to Conroy's testimony that she attempted to gradually bring her vehicle to a stop, Gill testified that Conroy apparently panicked and slammed on her brakes when the bus pulled away from the curb. Thus, Gill's deposition testimony raised triable issues of fact as to whether the bus entered the left lane of traffic and whether Conroy negligently brought her vehicle to a complete stop (see Cruz v Finney, 148 AD3d at 773; Hudgins-Russell v Sharma, 116 AD3d 1004, 1005; Owsian v Cobo, 45 AD3d 1368, 1369; John v Leyba, 38 AD3d 496, 497; Mundo v City of Yonkers, 249 AD2d 522, 523).
NYCTA also failed to establish its prima facie entitlement to judgment as a matter of law. NYCTA submitted a copy of Conroy's deposition testimony in support of its motion. Conroy testified that a NYCTA bus abruptly pulled away from the curb and crossed into the left lane of traffic in front of her, causing her to bring her vehicle to a complete stop to avoid striking the bus. Additionally, Conroy testified that, at the time of the accident, traffic was busy, it was raining and the roads were slick, the bus did not utilize a turn signal, and she was stopped for as little as five seconds before her vehicle was struck by Gill's vehicle. Thus, there is a triable issue of fact as to whether the NYCTA bus driver's conduct "set into motion an eminently foreseeable chain of events that resulted in [the] collision" among the vehicles driven by Conroy, Gill, and Seblano (Tutrani v County of Suffolk, 10 NY3d 906, 907 [internal quotation marks omitted]; see Burg v Mosey, 126 AD3d 1522, 1523; Owsian v Cobo, 45 AD3d at 1369). Contrary to NYCTA's contention, it cannot be said, as a matter of law, that Conroy's alleged negligence was the sole proximate cause of the accident (see Tutrani v County of Suffolk, 10 NY3d at 907-908; see also Cox v Nunez, 23 AD3d 427, 427).
Accordingly, the motions of Conroy and NYCTA should have been denied, regardless of the sufficiency of the plaintiff's opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
RIVERA, J.P., LEVENTHAL, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court