Rossnagel v Kelly (2019 NY Slip Op 07923)





Rossnagel v Kelly


2019 NY Slip Op 07923


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JOHN M. LEVENTHAL
HECTOR D. LASALLE, JJ.


2017-10609
 (Index No. 100222/16)

[*1]Andrew I. Rossnagel, plaintiff-respondent,
v
Edward Kelly, defendant third-party plaintiff-respondent, Stationery Engineers, et al., appellants, et al., defendant; Jayesh K. Patel, third-party defendant-respondent.


James J. Toomey, New York, NY (Evy L. Kazansky of counsel), for appellants.
Dennis C. Bartling (Russo & Tambasco, Melville, NY [Susan J. Mitola], of counsel), for defendant third-party plaintiff-respondent.
Hannum Feretic Prendergast & Merlino, LLC, New York, NY (Erol B. Gurcan of counsel), for third-party defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Stationery Engineers and Tyrone Prideau appeal from an order of the Supreme Court, Richmond County (Kim Dollard, J.), dated September 15, 2017. The order, insofar as appealed from, denied those defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, granted that branch of the motion of the defendant Edward Kelly which was for summary judgment dismissing all cross claims insofar as asserted against him, and, in effect, searched the record and awarded summary judgment to the plaintiff on the issue of liability against the defendants Stationery Engineers and Tyrone Prideau.
ORDERED that the order is modified, on the law, by deleting the provision thereof which, in effect, searched the record and awarded summary judgment to the plaintiff on the issue of liability against the defendants Stationery Engineers and Tyrone Prideau; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
This personal injury action arose out of a three-vehicle accident. The plaintiff was a passenger in the middle vehicle, which was being operated by the defendant Edward Kelly. It is undisputed that the middle vehicle was struck in the rear by the third vehicle, and the force of that impact propelled the middle vehicle into the lead vehicle, which was owned by the defendant Stationery Engineers and operated by the defendant Tyrone Prideau (hereinafter together the Prideau defendants).
The Supreme Court, inter alia, denied the Prideau defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, granted that branch of Kelly's separate motion which was for summary judgment dismissing all cross claims insofar as asserted against him, and, in effect, searched the record and awarded summary judgment to the plaintiff on the issue of liability against the Prideau defendants. The Prideau defendants [*2]appeal.
We agree with the Supreme Court's denial of the Prideau defendants' motion, since they failed to establish their prima facie entitlement to judgment as a matter of law. The evidence submitted by the Prideau defendants contained deeply conflicting accounts of Prideau's actions just prior to the accident, failing to eliminate triable issues of fact as to whether Prideau, the driver of the lead vehicle, negligently caused or contributed to the accident by making a sudden stop, for no apparent reason, on the ramp from the Belt Parkway to the Verrazano-Narrows Bridge (see Tutrani v County of Suffolk, 10 NY3d 906; Salako v Nassau Inter-County Express, 131 AD3d 687, 688; Kertesz v Jason Transp. Corp., 102 AD3d 658, 659; John v Leyba, 38 AD3d 496, 497).
By contrast, Kelly, as the operator of the middle vehicle, established his prima facie entitlement to judgment as a matter of law dismissing, inter alia, all cross claims insofar as asserted against him by submitting evidence that his vehicle was stopped behind the lead vehicle when his vehicle was struck in the rear and propelled into the lead vehicle (see Abdou v Malone, 166 AD3d 931, 932-933; Skura v Wojtlowski, 165 AD3d 1196, 1199; Martinez v Kuhl, 165 AD3d 774, 775; Edgerton v City of New York, 160 AD3d 809, 810; Chuk Hwa Shin v Correale, 142 AD3d 518, 519). Since no triable issue of fact was raised by any of the opposing parties, we agree with the Supreme Court's determination granting that branch of Kelly's motion which was for summary judgment dismissing all cross claims insofar as asserted against him.
However, the Supreme Court should not have, in effect, searched the record and awarded summary judgment to the plaintiff on the issue of liability against the Prideau defendants. In his deposition testimony, Prideau denied bringing the lead vehicle to a sudden stop, thereby raising a triable issue of fact as to whether he negligently caused or contributed to the accident (see Grant v Carrasco, 165 AD3d 631).
BALKIN, J.P., CHAMBERS, LEVENTHAL and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court