Cabrera v Thomas (2021 NY Slip Op 02060)





Cabrera v Thomas


2021 NY Slip Op 02060


Decided on April 01, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 01, 2021

Before: Acosta, P.J., Kapnick, Webber, Kennedy, JJ. 


Index No. 29663/18E Appeal No. 13472 Case No. 2020-04779 

[*1]Edward Cabrera et al., Plaintiffs-Appellants,
v
Christopher S. Thomas et al., Defendants, Santiago Delvalle, Defendant-Respondent.


Krentsel Guzman Herbert, LLP, New York (Marcia K. Raicus of counsel), for appellants.
James G. Bilello & Associates, Hicksville (Susan J. Mitola of counsel), for respondent.



Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered on or about June 10, 2020, which granted defendant Santiago Delvalle's motion for summary judgment dismissing the complaint and all cross claims as against him, unanimously affirmed, without costs.
Plaintiffs sustained injuries as a result of a three-car collision that occurred when they were passengers in a vehicle that was struck in the rear by defendant Delvalle's vehicle while stopped at a traffic light. In support of his motion, Delvalle demonstrated that his vehicle had been stopped behind plaintiffs' vehicle at the light when it was rear-ended by a vehicle driven by defendant Christopher Thomas, causing Delvalle's vehicle to be propelled into the vehicle in which plaintiffs were passengers.
In a chain-reaction collision, responsibility presumptively rests with the rearmost driver, here, defendant Thomas (see Chang v Rodriguez, 57 AD3d 295 [1st Dept 2008]). Plaintiffs contend that an issue of fact exists as to Delvalle's negligence because, based on their testimony, there was a second impact between Delvalle's vehicle and the front vehicle. However, it is undisputed that Delvalle's vehicle was stopped prior to the initial collision. Thus, plaintiffs failed to demonstrate a basis for finding that Delvalle was at fault in connection with the collision and did not raise a triable issue of fact so as to defeat Delvalle's motion (see Mustafaj v Driscoll, 5 AD3d 138 [1st Dept 2004]; Smith v Seskin, 49 AD3d 628, 629 [2d Dept 2008]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 1, 2021